## Graham Estate.

Argued January 5, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Daniel L. McCarthy,* for appellant.

*George W. Keitel,* Deputy Attorney General, with him *T. McKeen Chidsey,* Attorney General, and *J. Lawrence Davis,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 22, 1948:

This is an appeal from the affirmation of a transfer inheritance tax assessed against the surviving co-owner of a one half interest in certain United States War Savings Bonds.

Mildred Graham (appellant) and her sister, Elizabeth J. Graham (decedent), two aged maiden ladies, lived together in appellant's home in Bethlehem. Decedent was the housekeeper while appellant conducted an insurance and real estate business. Appellant invested savings in United States Defense Bonds consisting of Series D and E and United States Treasury Bonds, the total maturity value of which is $15,000. The bonds were registered in the names of "Mildred Graham *or* Elizabeth J. Graham." Appellant acquired a safe deposit box in a bank, in both names, giving each full access. The bonds were placed in the safe deposit box.

Under section 1 (e) of the Transfer Inheritance Tax Act of June 20, 1919 P. L. 521, as amended by the Act of July 14, 1936 P. L. 44, 72 PS 2301 (e), a tax is imposed upon the transfer of real or personal property when held in the joint names of two or more persons (except husband and wife). The portion of the property taxed is determined by ascertaining the fractional portion passing at the death of a joint tenant. We decided in *Commonwealth v. Nolan's Estate,* 345 Pa. 98, 26 A. 2d 308, that the statutory enactment was constitutional and applies irrespective of the amount contributed by the respective joint tenants. See also: *Cochrane's Estate,* 342 Pa. 108, 20 A. 2d 305.

Appellant contends, however, that irrespective of the status of *other* property concerning assessability for Pennsylvania Transfer Inheritance Tax, the Act and our decisions do not apply to these United States Bonds. It is maintained that the purchase of the bonds is part of the contract between the United States Government and the purchaser; that under the United States Treasury Regulations, Circular No. 530, December 15, 1938, section IX, bonds owned by coöwnership ". . . will be paid to either coöwner . . . upon his individual request without requiring the signature of the other coöwner . . . and, upon payment to either coöwner, the other person shall cease to have any interest in the bonds. . . ." It is further provided in part (b) of the same section that upon the death of one coöwner, payment will be made to the *surviving* coöwner at his request.

It is *assumed* by appellant that the effect of such government regulation is to pass the property to the surviving coöwner without payment of any state transfer inheritance tax. Such a view is clearly erroneous.

In *Tack's Estate,* 325 Pa. 545, 191 A. 155, this Court passed upon the true nature of a transfer inheritance tax. Mr. Justice HORACE STERN said, p. 548: "Whether this appropriation be designated an inheritance tax, an estate tax, a succession tax, a death duty, or otherwise howsoever, it is not, in its essence, a tax on the decedent's property or any component part of it, or on the transaction of transferring it as in the case of a transmission of possession or title inter vivos, but an excise on the privilege of inheritance. It is really not a tax at all in the ordinary meaning of the word, but rather a distributive share of the estate which the State retains for itself." and on p. 552: "The cases in the Supreme Court of the United States analyze the nature of inheritance tax legislation in much the same manner as the courts of our own State. Thus it was held in *Plummer v. Coler,* 178 U. S. 115, as it was in *Strode v. Commonwealth,* supra,

386

[52 Pa. 181], that a state may validly impose an inheritance tax on a legacy consisting of United States bonds, even though admittedly the state could not directly tax such obligations, and even though the act of Congress under which the bonds were issued stipulated that they should be exempt "from taxation *in any form* by or under state, municipal or local authority." 

That the United States Government regards such bonds as taxable under state transfer inheritance tax statutes is apparent by Cumulative Treasury Bulletins, Mimeograph 5202, 1941—2CB241: "Statutory provisions exempting bonds and other obligations of the Federal Government from certain taxation are not applicable to estate, inheritance, legacy, or gift taxes imposed by a State government . . ." See also 31 CFR Cum. Supp. 306.91-306.93 (1939) and 316.2 (d), 318.2 (g) 1944.

The decree is affirmed at appellant's cost.