## In re Haverford Township Stamp Tax

*Harold Scott Baile* and *Robert Winfield Baile*, for appellant.

*Raymond E. Larson*, for appellee.

*Donald H. Hamilton*, amicus curiæ, for Aston Township School District.

ERVIN, P. J., and SWENEY, J., April 27, 1949.— On April 3, 1948, 25 taxpayers of the Township of Haverford, in this county, filed their appeal to the Stamp Tax on Deeds Ordinance of the township which was enacted on March 4, 1948, to become effective 30 days after its adoption. The appeal petition sets forth that the ordinance had been enacted and ordained on March 4, 1948; that the petitioners were the owners of real estate and taxpayers of the Township of Haverford who were aggrieved by the ordinance; they objected to the tax imposed by the ordinance because (a) the tax was not uniform, (b) the ordinance violated the fourteenth amendment of the Constitution of the United States, depriving the petitioners of their property without due process of law, and violated article I, sec. 17, of the Constitution of the State of Pennsylvania, impairing the obligation of contracts; and (c) the ordinance exceeds the authority granted by the Act of June 25, 1947, P. L. 1145.

Haverford Township filed an answer to the appeal petition, denying that all of the petitioners are owners of real estate and taxpayers of the Township of Haverford, in that Joseph E. Schuele, one of the petitioners, is neither the owner of real estate in, nor a taxpayer of, the Township of Haverford, denying that the taxpayers are aggrieved, and averring that the tax imposed by the ordinance does not violate article IX, sec. 1 of the Constitution of Pennsylvania because the tax is uniform, that the ordinance does not violate the fourteenth

amendment of the Constitution of the United States or article 1, sec. 17 of the Constitution of Pennsylvania and does not exceed the authority granted by the Act of June 25, 1947, P. L. 1145.

The first question for determination is whether or not the appeal is in proper form, due to the fact that one of the 25 petitioners is not the owner of real estate or a taxpayer in the Township of Haverford. The Act of June 25, 1947, P. L. 1145, sec. 3 provides, inter alia:

"Within said thirty days, taxpayers representing 25% or more of the total valuation of real estate in the political subdivision as assessed for taxation purposes, or taxpayers of the political subdivision not less than 25 in number aggrieved by the ordinance or resolution shall have the right to appeal therefrom to the court of quarter sessions of the county upon giving bond with sufficient security in the amount of five hundred dollars ($500), approved by the court, to prosecute the appeal with effect and for the payment of costs."

It will be noted that, although the appeal petition avers that they are owners of real estate in, and taxpayers of, Haverford Township, the act only requires the appeal to be taken by taxpayers. It is the belief of the court that this matter should be decided upon its merits. It is apparent from the testimony taken at the hearing in this case, that the petitioner, Joseph E. Schuele, although not the owner of real estate in his own name in the township, has paid taxes and stands ready to pay taxes on real estate assessed in the name of his son and upon real estate assessed in the name of his wife, and, in addition thereto, claims the equitable title to the property. For the purposes of this appeal, we believe that this constitutes Joseph E. Schuele as a proper petitioner and, in so ruling, we find that the appeal, as taken is proper.

We next consider the question as to whether or not ordinance 756, approved March 4, 1948, and known as

the Stamp Tax Upon Deeds Ordinance of Haverford Township, this county, is a proper ordinance; and, whether the tax for general revenue purposes imposed, assessed and levied thereunder, is pursuant to the Act of General Assembly of the Commonwealth of Pennsylvania, as approved June 25, 1947.

In approaching this question, we are bound to consider the language of the act under section 3, subheading "Decree" as follows:

"It shall be the duty of the court to declare the ordinance and the tax imposed thereby to be valid unless it concludes that the ordinance is unlawful or finds that the tax imposed is excessive or unreasonable; but the court shall not interfere with the reasonable discretion of the legislative body in selecting the subjects or fixing the rates of the tax. The court may declare invalid all or any portion of the ordinance or of the tax imposed."

In the light of this language it is interesting to note the wording in the case of Nicol v. Ames, 173 U. S. 509, where, at page 515, the court says:

"It is no part of the duty of this court to lessen, impede or obstruct the exercise of the taxing power by merely abstruse and subtle distinctions as to the particular nature of a specified tax, where such distinction rests more upon the differing theories of political economists than upon the practical nature of the tax itself.

"In deciding upon the validity of a tax with reference to these requirements, no microscopic examination as to the purely economic or theoretical nature of the tax should be indulged in, for the purpose of placing it in a category which would invalidate the tax. As a mere abstract, scientific or economical problem, a particular tax might possibly be regarded as a direct tax, when as a practical matter pertaining to the actual operation of the tax it might quite plainly appear to be indirect. Under such circumstances, and while varying and disputable theories might be indulged as to the real nature

of the tax, a court would not be justified, for the purpose of invalidating the tax, in placing it in a class different from that to which its practical results would consign it. Taxation is eminently practical, and is in fact brought to every man's door, and for the purpose of deciding upon its validity a tax should be regarded in its actual, practical results, rather than with reference to those theoretical or abstract ideas whose correctness is the subject of dispute and contradiction among those who are experts in the science of political economy."

We are of the opinion that the ordinance here under consideration is a proper ordinance and in accordance with the authority granted by the Act of 1947. We think the tax as imposed by this ordinance is a duty or excise laid upon the privilege of transferring title to real estate. It is not a tax upon the real estate itself but is a duty upon the facilities made use of, and actually employed in, transferring the property. The fact that the tax is measured by the sales price or value of the property does not change the nature of the tax but only raises the single question as to whether or not the tax as imposed is reasonable. By the same token, the nature of the tax is not changed because it cannot be added to the price of the things sold or, conversely, because it seemingly decreases or diminishes the value of the property sold.

Appellants contend that the tax imposed under the ordinance is a property tax, a direct tax on real estate; that as a tax on real estate, it does not apply clearly or uniformly to all real estate, and in addition thereto, exceeds the authority granted to the municipality by Act of June 25, 1947, P. L. 1145. We cannot agree with the contention of appellants that the tax imposed under this ordinance is a property tax. It is our belief that this tax is a franchise or excise tax and is therefore proper.

Stamp taxes on transactions and privileges are not new in the State or Federal law. The Act of May 16,

1935, P. L. 203 (now repealed), imposed a State stamp tax upon documents and the constitutionality of this act was never called in question. This act not only imposed a stamp tax upon deeds but also upon mortgages and other forms of conveyance of real property. Philadelphia has a documentary stamp tax ordinance, which likewise has not been tested as to its constitutionality. The Federal Government imposed stamp taxes in 1797, 1813, 1862 and 1898 and in the case of Nicol v. Ames, supra, passed upon and upheld the constitutionality of the Act of 1898. The Federal Tax Act, 26 U. S. C. §3482, imposing a tax on deeds has been construed as a transfer or excise tax on the privilege of selling real estate and the amount of the tax was measured by the consideration or value of the property conveyed: Berry v. Kavanagh, 137 F. (2d) 574.

In Berry v. Kavanagh, supra, in passing upon the validity and constitutionality of the Federal stamp tax, the court says, at page 575: "The tax provided in Section 3482 of the Internal Revenue Code is an excise upon the privilege of selling lands, tenements or other realty. The burden of the tax attaches when the property is sold."

In examining the authorities, it seems to us that the present ordinance, imposing a franchise or excise tax, is analogous and comparable to the general sales tax in Philadelphia, upheld as constitutional and declared to be an excise tax in Blauner's Inc. et al. v. Philadelphia et al., 330 Pa. 342. A sales tax and a mercantile license tax has been declared repeatedly to be an excise tax. Likewise, we believe that the stamp tax is comparable in principle to the inheritance or succession tax and the tax imposed upon corporations for the privilege of doing business in the State. These taxes have been held to be excise or franchise taxes, the basis of their imposition being the right or privilege of inheriting or the doing of business.

In Commonwealth v. Columbia Gas and Electric Co., 336 Pa. 209, holding a tax on a foreign corporation a franchise tax on the right to do business, based upon gross profits, the court said:

"It represents what the right to do business is worth. It must follow that the tax is not levied on property but on the franchise to do business measured by a taxable value secured through the application of the factors of gross receipts, tangibles and payrolls to the capital stock value. It is representative of the value of that very franchise."

In Tack's Estate, 325 Pa. 545, in passing upon the constitutionality of an inheritance tax, Mr. Justice Horace Stern said, page 548:

"Whether this appropriation be designated an inheritance tax, an estate tax, a succession tax, a death duty, or otherwise howsoever, it is not, in its essence, a tax on the decedent's property or any component part of it, or on the transaction of transferring it as in the case of a transmission of possession or title inter vivos, but an excise on the privilege of inheritance." See also, Graham Estate, 358 Pa. 383.

As to the appellants' second contention, we cannot agree that the tax is not uniform. Certainly the tax is uniform as to all of the real estate owners similarly situated with regard to the subject matter of the tax. In our judgment, a tax upon the right to transfer real estate imposed upon all persons selling real estate is a uniform tax.

This brings us to the third contention, that the ordinance exceeds the authority conferred upon a municipality to tax under the Act of June 25, 1947. Section 1 of the act provides:

"The duly constituted authorities of . . . townships of the first class . . . shall have the authority, by ordinance or resolution, for general revenue purposes, to levy, assess and collect or provide for the levying, as-

sessment and collection of such taxes on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivision, as it shall determine, . . .; nor have authority, except on sales of admission to places of amusement or on sales or other transfers of title or possession of property, to levy, assess or collect a tax on the privilege of employing such tangible property as is now or does hereafter become subject to a state tax . . . It is the intention of this section to confer upon such political subdivision the power to levy, assess and collect taxes upon any and all subjects of taxation which the Commonwealth has power to tax but which it does not now tax or license . . ."

This contention of appellants is twofold: (1) There is no authority under the act to impose a direct tax upon real estate, and (2) the apparent intent of the act is to relieve real estate from further taxation. We agree that there is no right, under the act, to impose a direct tax on real estate. However, this part of appellants' contention is disposed of by our ruling that the tax imposed by the Haverford Township ordinance is not a direct or property tax, but an excise or franchise tax.

As to the contention that the intent of the act is to relieve real estate from the further burden of taxation, we have read and reread the act and fail to find anything in the act which indicates such an intention except that, in the section above quoted, there is no reference to the right to tax real property. The classes enumerated are "persons, transactions, occupations, privileges, subjects and personal property". However, in the next clause, above quoted, the act indicates that "sales or other transfers of title or possession of property" may be taxed; and, in this connection, the word "property" designates both "personal" and "real". The language of this part of section 1 is interesting: "nor have authority, except on sales of admission to places of

amusement or on sales or other transfers of title or possession of property, to levy, assess or collect a tax on the privilege of employing such tangible property as is now or does hereafter become subject to a state tax". This clause indicates that amusement taxes and sales or transfer taxes are recognized as proper taxes under the Act of 1947 and, in addition, may be levied by municipalities even though a similar levy is made by the state. We think that the act clearly authorizes a stamp tax on transfers of real estate. Again, we must take into consideration the municipality, which is levying this tax. Haverford Township is as purely residential as any political subdivision can be. Other townships might impose amusement taxes, mercantile taxes, wage taxes or sales taxes, but the revenue to be derived from such taxes in residential Haverford would be de minimis. Viewing the act in relation to Haverford Township, we are convinced that there is authority in the act for the imposition of this tax.

There are two further questions raised by the appellants. First, the ordinance is defective because although it is called a stamp tax upon deeds, the definition of "deeds" in the ordinance indicates that all types of conveyances are affected by the tax. Appellants contend that, under the definition, not only deeds but mortgages, agreements of sale and ground rents are also taxable. With this contention, we cannot agree. A careful reading discloses that the only subject of the tax is upon deeds.

Secondly, appellants contend that the ordinance is inequitable and unfair, due to the fact that certain property owners sold their properties prior to the effective date of the ordinance without thought that the purchase price would be affected by this stamp tax and thereby causing injury which is not justified. With this contention, we cannot agree as it would appear that the ordinance was only passed after due advertising and

hearing and did not take effect until 30 days after the date of its enactment.

Toal, J., disqualified himself as a former solicitor of Haverford Township and does not participate in this opinion or decree.