544 A.2d 544

In Re: Estate of Cecelia L. Scott. Margaret M. Reichard, Administratrix of the Estate of Cecelia L. Scott, deceased, Appellant.

Argued April 19, 1988, before President Judge CRUMLISH, JR., Judge McGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*William P. Hogan,* with him, *Mary Ann Snell,* for appellant.

*Bart J. DeLuca, Jr.,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for appellee, Commonwealth of Pennsylvania.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 30, 1988:

The Pennsylvania Department of Revenue (Department), Inheritance Tax Division, issued the estate of Cecelia L. Scott a notice disallowing an inheritance tax deduction. The Department's assessment was upheld by the Board of Appeals and the Northampton County Common Pleas Court, Orphans' Court Division. The estate appeals; we affirm.

Scott died intestate, the owner of unredeemed U.S. Savings Bonds Series E and Savings Notes.[1] The estate's inheritance tax return included a deduction—which the Department disallowed—for federal income taxes *due* on those bonds.[2]

Generally, under the Inheritance and Estate Tax Act (Act),[3] an estate must pay taxes on all transfers of a decedent's property.[4] The estate is permitted deductions for estate expenses, certain taxes, and the decedent's liabilities.[5] The tax then imposed is based on the value of the transferred property. Value is defined as the price a willing seller would sell to a willing buyer, each knowing the relevant facts, and neither compelled to transact.[6]

---

[1] At Scott's death, she was the sole owner of $114,159.49 worth of unredeemed bonds and co-owned an additional $115,978.96 worth of bonds. Since that time, some of the bonds have been redeemed and the tax paid.

[2] Of the $63,809.81 in claimed deductions, $55,797.33 represented income tax due.

[3] 72 Pa. C. S. §§1701-1754.

[4] 72 Pa. C. S. §1707. However, some transfers are specifically excluded under 72 Pa. C. S. §1711.

[5] 72 Pa. C. S. §§1726-1729. It should be noted that certain transactions are not deductible under 72 Pa. C. S. §1730; however, those exceptions are not at issue herein.

[6] 72 Pa. C. S. §1702.

The common pleas court, based on stipulated facts, upheld the Department's decision to disallow the tax deduction, ruling that the Act provided deductions only for taxes *paid*. 72 Pa. C. S. §1728.

Our scope of review in a tax disallowance is limited to a determination of whether the common pleas court erred as a matter of law or abused its discretion. *In re: Estate of Munro,* 101 Pa. Commonwealth Ct. 450, 453, 516 A.2d 829, 831 (1986).

The estate initially argues that the bonds have no value because they are not marketable. We disagree.

U.S. savings bonds are clearly subject to inheritance tax. *In Re: Graham's Estate,* 358 Pa. 383, 57 A.2d 853 (1948).[7] As intangible property, they have no market value; however, they do have a "face value" which is readily converted into cash value at redemption. Thus, the estate's argument that the savings bonds must be valued solely according to Section 1702 fails.

The estate next argues that Section 1728(1) entitles it to a deduction for income taxes due on the bonds. That section provides:

> Taxes imposed against the decedent or against any property constituting a part of decedent's gross taxable estate, and which are owing prior to decedent's death, are deductible. However, taxes for which decedent is not personally liable

---

[7] In *In Re: Graham's Estate,* our Supreme Court held that U.S. savings bonds were subject to the Transfer Inheritance Tax Act of June 20, 1919, P.L. 521, *as amended,* 72 P.S. §2301 (repealed by the Act of June 15, 1961, P.L. 373), predecessor of the current Inheritance and Estate Tax Act. The Court held that "a state may validly impose an inheritance tax on a legacy consisting of United States bonds even though admittedly the state could not directly tax such obligations. . . ." 358 Pa. at 383, 57 A.2d at 855. In addition to relevant state statutory and case law, federal regulations provide, "the bonds are subject to estate, inheritance, gift or other excise taxes, whether federal or state." 31 C.F.R. §316.9.

shall not be deductible in an amount exceeding the value of the property against which the taxes are liened.

72 Pa. C. S. §1728(1).

While both sides argue contrary interpretations of this section, we conclude that it permits the estate to deduct only taxes owed by the decedent prior to death. Here, because the bonds were unredeemed, no income taxes had been paid by the decedent. Section 1728, therefore, does not allow the estate to deduct income taxes due.

The estate further contends that *Estate of Rose,* 465 Pa. 53, 348 A.2d 113 (1975), precludes taxing bonds with an inevitable federal income tax obligation, because to do so would result in impermissible double taxation. In that case, our Supreme Court held that an estate was entitled to deduct income taxes the estate owed on decedent's partnership distribution, although no specific deduction existed, because the legislature had not clearly expressed an intent to impose double taxation.[8]

---

[8] In *Estate of Rose,* the Court noted that generally, federal and state governments could tax the same subject matter at the same time without either compensating for the other's tax (*i.e.,* federal estate and state inheritance tax). Additionally, the state may tax the same property twice provided that the taxes are of a different kind (*i.e.,* state income and state inheritance tax). The Court, however, held that

> because of the harshness which results from double taxation, the courts of this Commonwealth have developed certain rules of construction to insure that double taxation is not imposed arbitrarily. *Thus, if the intent of the Legislature is unclear in imposing double taxation, there is a presumption against such a legislative purpose, which can only be overcome by express statutory language.* . . . Unless the Legislature specifically precludes income taxes as a factor in determining the present worth of an item, we are not willing to intrude upon a completely logical calculation.

465 Pa. at 63, 64, 348 A.2d at 118 (emphasis added).

In adopting the recent Act, the legislature added to the Section 1702 definition of value the following proviso: "In determining the value of property, no reduction shall be made on account of income, excise or other taxes which may become payable subsequent to the valuation date by the transferee or out of the property." This language clarifies that, under the Act, an estate now cannot deduct income taxes owing after the date of the decedent's death. Here, the General Assembly has clearly provided that estate taxes are to be collected without deducting income taxes due.

The estate finally contends that taxing the value of the bonds without allowing a deduction for its tax liability violates the uniformity clause, Article 8, Section 1 of our Pennsylvania Constitution and the due process and equal protection clauses of the Fourteenth Amendment of our United States Constitution. This argument must also fail.

Initially, we note that tax legislation is presumed constitutional, and the challenging party bears a heavy burden to prove otherwise. *Leonard v. Thornburgh*, 507 Pa. 317, 489 A.2d 1349 (1985). In addition, allegations of constitutional violations concerning the challenged clauses are to be analyzed in the same manner. *Id.* Moreover, absolute equality and perfect uniformity are not required. *Columbia Gas Corp. v. Commonwealth*, 468 Pa. 145, 360 A.2d 592 (1976). A taxpayer alleging that administration of a tax violates its right to be taxed uniformly with others of its class has the burden of demonstrating a deliberate and purposeful discrimination in the application of the tax before constitutional protection will be deemed violated. *Appeal of Armco, Inc.*, 100 Pa. Commonwealth Ct. 452, 515 A.2d 326 (1986).

The estate argues that because bond transferees cannot deduct income taxes due while transferees of

other property are entitled to deduct liabilities, they are thus treated differently. However, as previously discussed, because the income tax obligation was not *the decedent's,* the estate is taxed as are transferees of other inherited property absent prior tax obligations. To hold otherwise would, in effect, treat savings bond transferees specially, in violation of the uniformity clause.

A reading of the entire Act shows that the legislature has enacted a rational taxation scheme that allows deductions for the fixed obligations of the decedent, while taxing an heir's right to receive property transferred out of the estate. Having found no error, we affirm.

### ORDER

The order of the Common Pleas Court of Northampton County, Orphans' Court Division, File No. 48-84-0003 dated August 12, 1987, is affirmed.