## In re ESTATE OF Donald W. KERSTETTER.

### Appeal of Estate of Donald W. Kerstetter.

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 2002.

Decided Oct. 9, 2002.

Allen E. Hench, Newport, for appellant.

Thomas J. Gohsler, Harrisburg, for appellee.

BEFORE: SIMPSON, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY SENIOR Judge McCLOSKEY.

The Estate of Donald W. Kerstetter (hereafter the Estate) appeals from an order of the Orphans' Court Division of the Court of Common Pleas of the Forty–First Judicial District, Perry County Branch (trial court), dismissing the Estate's appeal from an inheritance tax assessment. We affirm.

The underlying facts of this case are not in dispute. Donald Kerstetter (Decedent) passed away on March 12, 1999. At the time of his death, Decedent jointly owned U.S. savings bonds with his stepmother, Anna Kerstetter. Counsel for the Estate calculated and paid inheritance tax at the rate of 6% upon the transfer of the jointly held bonds. In June of 2000, the Department of Revenue (Department) issued a notice of inheritance tax appraisement, allowance or disallowance of deductions and assessment of tax. In this notice and assessment, the Department assessed tax on the jointly held bonds at the rate of 15%.[1]

In July of 2000, the Estate filed a protest with the Department's Board of Appeals (Board). In its protest, the Estate alleged that it properly paid tax on the bonds at the lineal rate of 6% and that the Department erred in assessing tax at the collateral rate of 15%. The Board later

issued a decision affirming the Department's notice and assessment. In its decision, the Board noted that the 6% rate applies to the transfer of property to a father, mother, grandfather, grandmother or lineal descendants. The Board also noted that lineal descendants included all children of the natural parents and their descendants, adopted descendants and their descendants and stepdescendants. As a stepparent is not found in these classes of persons, the Board concluded that the tax was properly assessed under the catch-all provision for all other persons, i.e., at the collateral rate of 15%.

The Estate thereafter filed a notice of appeal with the trial court. Following a pre-trial conference and submission of briefs, the trial court issued an opinion and order dismissing the Estate's appeal.[2] The trial court noted that an act of the legislature is entitled to great deference when the same is challenged on grounds of constitutionality. The trial court indicated that some degree of arbitrariness is inevitable when addressing the delineation and taxation of certain groups. The trial court also noted that the Estate's argument was more properly directed at the legislature as opposed to the courts. The Estate then filed a notice of appeal with the trial court.

■ On appeal,[3] the Estate argues that the trial court erred as a matter of law in dismissing its appeal. More specifically, the Estate argues that the trial court misinterpreted the intent of the legislature[4]

1. These assessments were based upon the provisions of the Inheritance and Estate Tax Act (Act), Act of March 4, 1971, P.L. 6, *added by* Act of August 4, 1991, P.L. 97, *as amended,* 72 P.S. §§ 9101–9196.

2. The trial court did not conduct an evidentiary hearing as there were no disputed facts.

3. Our scope of review in these types of cases is limited to determining whether the trial court erred as a matter of law or abused its

discretion. *In re Estate of Scott,* 117 Pa. Cmwlth. 421, 544 A.2d 544 (1988), *petition for allowance of appeal denied,* 521 Pa. 615, 557 A.2d 346 (1989).

4. With respect to this argument, the Estate cites to the plain language of the Act, principles of statutory construction and the stated purpose of fostering close family relationships.

and, alternatively, that the Act violates the Uniformity Clause of the Pennsylvania Constitution and the Equal Protection Clauses of both the United States and Pennsylvania Constitutions. We disagree.

■ Section 2116(a)(1)(i) of the Act, 72 P.S. § 9116(a)(1)(i), provides that inheritance tax upon the transfer of property to the following individuals "shall" be at the rate of 6%: "grandfather, grandmother, father, mother and lineal descendants." Conversely, transfers to "all persons other than those designated in subclause (1) . . . shall be at the rate of fifteen per cent." 72 P.S. § 9116(a)(2). "Mother" is not defined in the Act. However, "[l]ineal descendants" is defined in the Act as "all children of the natural parents and their descendants . . . adopted descendants and their descendants and stepdescendants." Section 2102 of the Act, 72 P.S. § 9102. Section 2102 further defines "children" so as to include "natural children . . . adopted children and stepchildren."

■ There is no dispute that this case involves a transfer from a stepchild (Decedent) to a stepmother (Ms. Kerstetter). As can be seen above, the plain language of the Act does not specifically include transfers from a stepchild to a stepparent at the lineal 6% rate. Hence, any argument to the contrary is without merit. Nor can such a construction be implied from the language of the Act. In essence, the Estate is asking this Court to re-write the statute so as to include stepparents in the lineal class or in the statutory definitions of "mother" and/or "father." The law is well settled that a court has no

power to insert a word into a statute if the legislature has failed to supply it. *See Vlasic Farms, Inc. v. Pennsylvania Labor Relations Board,* 734 A.2d 487 (Pa. Cmwlth.1999), *affirmed,* 565 Pa. 555, 777 A.2d 80 (2001).[5] As stepparents are not included among the class of persons to which the lineal rate applies, transfers to stepparents must fall under the catch-all 15% collateral rate.[6]

■ Likewise, we reject any argument by the Estate that said classification is unconstitutional. The law is well settled that the legislature possesses wide discretion in matters of taxation and that the burden is upon the taxpayer to demonstrate that a classification, made for purposes of taxation, is unreasonable. *Leonard v. Thornburgh,* 507 Pa. 317, 489 A.2d 1349 (1985). Indeed, the challengers of the constitutionality of state or local taxation bear a heavy burden. *Id.* Tax legislation will not be declared unconstitutional unless it clearly, palpably, and plainly violates the Constitution. *Id.* However, under both the Equal Protection and Uniformity Clauses, absolute equality and perfect uniformity in taxation are not required. *See Columbia Gas Transmission Corporation v. Commonwealth,* 468 Pa. 145, 360 A.2d 592 (1976).

■ In this case, the statutory classification under attack is not based on race, sex, illegitimacy, or other similar factors, nor does it impinge on a fundamental right. Consequently, in order to sustain a challenge to the classification made by the Act, the Estate has the burden of demonstrating that said classification is not ra-

---

5. Moreover, it is equally well settled that "when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *See* Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b).

6. We reject any argument by the Estate that the purpose of the Act, i.e., to promote close family relationships, is somehow thwarted by the failure to classify transfers from a stepchild to a stepparent at the lineal rate.

tionally related to any legitimate state purpose. *See Estate of Kunkel v. United States,* 689 F.2d 408 (3d Cir.1982); *Smith v. City of Philadelphia,* 512 Pa. 129, 516 A.2d 306 (1986). The United States Court of Appeals for the Third Circuit faced an issue similar to the issue presently before this Court in *Kunkel.*[7]

The District Court in *Kunkel* had characterized the differing tax rates as an attempt to create additional tax revenues by taxing certain classes at a higher rate. Hence, the District Court held the statute at the time to be unconstitutional. However, the Court of Appeals reversed the decision of the District Court. In so doing, the Court of Appeals noted that the purpose of the statute "could just as easily be characterized as the promotion of close family relationships: bequests to close relatives are encouraged by taxing those bequests at a lower rate than are bequests to more distant relatives and nonrelatives." *Kunkel,* 689 F.2d at 416. Based upon that observation, the Court of Appeals held that any inquiry into the validity of the challenged classification was at an end, as "a legitimate purpose has been identified, and a rational relationship between that purpose and the means chosen to foster it has been established." *Id.*

The Court of Appeals further noted that this was a matter for the legislature, stating that "it is for the legislature, and not the courts, to decide how much weight, if any, to place on factors such as blood relationship and family ties in determining which relatives should be included" in this type of classification. *Kunkel,* 689 F.2d at 417. The Court of Appeals indicated that some "degree of arbitrariness" in drawing the lines between classes is inevitable. *Id.* However, the Court of Appeals, noting a lack of a requirement for perfect uniformity, held that such a "degree of arbitrariness" could not provide a basis for invalidating the statutory classification. We agree entirely with the Court of Appeals reasoning and apply it to this case.

The Estate essentially concedes that the purpose of the Act was to promote close family relationships. Hence, as the Court of Appeals so found, the classification at issue in this case constitutes a legitimate state purpose and the legislature has established an appropriate means to satisfy that purpose. Our inquiry, then, is at an end. The Estate failed to meet its burden and the trial court did not err as a matter of law in dismissing its appeal.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 9th day of October, 2002, the order of the Orphans' Court Division of the Court of Common Pleas of the Forty–First Judicial District, Perry County Branch, is hereby affirmed.

---

**7.** In *Kunkel,* the transfer at issue was from a stepparent to stepgrandchildren. The statute provided for a reduced rate for transfers from a stepparent to a grandchild, but a higher rate for transfers from a stepparent to stepgrand- children. The current version of the Act eliminates this problem by considering all transfers to stepdescendants at the lineal rate of 6%.