## Giorgi v. Pennsylvania Labor Relations Board

*Joseph E. DeSantis, McGavin, DeSantis & Koch,* Berks County, for plaintiffs.

*James F. Wildeman,* Assistant Attorney General and *William C. Sennett,* Attorney General, for defendants.

LIPSITT, J., April 29, 1969.—Plaintiffs, after extended litigation before several other forums, have turned to this court to seek an injunction against the Pennsylvania Labor Relations Board (herein called the "board") from proceeding with the holding of an election among the employes of some 32 individual employers in mushroom growing enterprises. The complaint of plaintiffs is based on the proposition that employes engaged in the growing and production of mushrooms are not within the jurisdiction of the board under the Act of June 1, 1937, P. L. 1168, as amended, 43 PS §211.1, et seq., known as the Pennsylvania Labor Relations Act.

The ultimate issue in this case undoubtedly rests upon an interpretation of section 3, clause (d) of the aforementioned act, as amended, 43 PS §211.3(d),

which provides for exclusion from regulation by the board of ". . . any individual employed as an agricultural laborer. . . ."

In their actions thus far, plaintiffs have attempted to reach the merits of the controversy by circuiting the normal procedural route and have been confronted in each instance by a legal cul de sac.

A petition for investigation and certification of representatives was filed with the board on March 15, 1967, by Local 1034, Retail, Wholesale & Department Store Union, AFL-CIO (herein called the "union") alleging that a question had arisen concerning the employes of Ben-Mar Mushroom Farms, Inc. (herein called "Ben-Mar") engaged as mushroom production employes for the purpose of collective bargaining. Concurrently therewith, petitions were filed by the union in other cases involving different employers. It was agreed between the parties that all·the testimony, orders, petitions, motions and alternate decisions in the one case would apply to all of the other cases.

Following a series of hearings at Reading, Pennsylvania, and the presentment of motions and requests of various kinds to the board and before the Court of Common Pleas of Berks County, the board on June 1, 1967, rejected the challenges to its jurisdiction and issued a decision and order directing and fixing the time and place for an election. From this order Ben-Mar on June 9, 1967, petitioned the Court of Common Pleas of Berks County for judicial review of the jurisdictional finding pursuant to section 9(b) of the aforementioned act, 43 PS §211.9(b). The Berks County Court dismissed the petition for review on October 19, 1967, stating that it was premature and that the said section 9 of the act makes no provision for appeals from interlocutory orders.

An appeal was taken by Ben-Mar to the Supreme

Court of Pennsylvania, and on July 1, 1968, the Supreme Court issued an opinion and order affirming the decision of the Court of Common Pleas of Berks County: 430 Pa. 407 (1968).

On August 9, 1968, a complaint for injunction was filed in the United States District Court for the Eastern District of Pennsylvania to No. 68-1715, alleging the board's assertion of jurisdiction constituted a denial of due process and equal protection under the Fourteenth Amendment. The action was dismissed by the District Court on December 23, 1968, wherein it stated:

". . . to consider or act upon such claims at this stage would be premature and would thwart effective enforcement of state laws.

". . . we do not think that the requirement that plaintiff await a final order to contest the Board's assertion of jurisdiction constitutes a denial of due process or equal protection. Nor do we think that the Board's assertion of jurisdiction over the plaintiffs under the present unresolved state of Pennsylvania law on the meaning of 'agricultural laborer' is so arbitrary as to amount to a denial of due process or equal protection."

The board ordered a hearing to be held on January 23, 1969, to continue the investigation on matters essential for the holding of an election which hearing was held and completed. Subsequently, on February 3, 1969, a complaint in equity was filed in this court seeking the present relief. A hearing was held on February 27, 1969, wherein plaintiffs presented expert testimony on the question whether or not the production of mushrooms is an agricultural activity. The request for a preliminary injunction was denied.

The board in its argument here recognizes the difficulties in rejecting mushroom workers as agricul-

tural laborers under the Pennsylvania Labor Relations Act[1], but it points out that in 1956 in two matters (Grocery Store Products Company, Case No. 22 and Brandywine Mushroom Corporation, Case No. 38) it held that the mushroom growing employes were not agricultural laborers under the act. Even though the legislature has met many times since 1956, it has not seen fit to redefine the board's interpretation.

There are no Pennsylvania court cases elucidating the designation of "agricultural laborer" under the Pennsylvania Labor Relations Act. But, before this court considers the problem of whether mushroom growing is excluded from the category of agriculture, it must be first determined if this court has equitable jurisdiction at this stage of the proceedings. There is a well established doctrine which requires a party to exhaust its administrative remedies provided by statute. In Myers et al. v. Bethlehem Shipbuilding Corp., 303 U.S. 41 (1938), a respondent before the National Labor Relations Board sought to enjoin that

---

[1]In the production of mushrooms a synthetic compost is an essential ingredient and unless grown in a cave, mushrooms require some cover, thus it has been held that mushroom growing is more akin to industry or horticulture than agriculture. The Pennsylvania Labor Relations Board has in the past taken jurisdiction in cases involving employes engaged in mushroom growing following the lead of the National Labor Relations Board holding such employes are not agricultural employes, Indiana Mushroom Corp. v. National Labor Relations Board, 60 NLRB 1065 (1945); CCH, p. 1670.503 (1945). The National Labor Relations Board has evidently changed its reasoning but the Pennsylvania board argues that this had followed a change in the definition of agricultural laborers contained in a rider to the Board's Appropriations Act, which rider specifically included employes engaged in horticultural activities, and in the Federal Fair Standards Act there is an exclusion of labor on a farm which has been interpreted to exclude mushroom workers.

board from holding hearings on the ground that jurisdiction over the subject matter was lacking (the same ground raised by plaintiffs here). In a unanimous decision, the Supreme Court held that an equity court could not consider that issue prior to the completion of administrative proceedings. The inconvenience of going through a hearing was specifically held not sufficient to warrant disregard of the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed remedy has been exhausted. The statutory procedures for judicial review of any board order and for testing the propriety of the board's jurisdiction were held adequate to protect the company's rights. In this Commonwealth the same principle has been embodied in section 13 of the Act of March 21, 1806, 46 PS § 156.

Applying this statutory requirement and the general doctrine of exhaustion of administrative remedies, the Pennsylvania Supreme Court has many times rejected attempts to bypass administrative and appellate channels of relief through premature resort to equity. See Collegeville Borough v. Philadelphia Suburban Water Company, 377 Pa. 636 (1954). The principle has also been applied to Labor Board proceedings. See Brass Rail Restaurant Company v. Pennsylvania Labor Relations Board, 375 Pa. 213 (1953), ordering the dismissal of a complaint seeking to enjoin the board from investigating an alleged question concerning representation. The court stated that "where an act affords full opportunity to appear and be heard, and a right of appeal exists . . . administrative boards will not be restrained." (p. 220.)

The only exception to this rule of exhaustion appears to be that a court has the right to exercise its equitable powers to enjoin an administrative agency in this

Commonwealth from exercising powers not conferred on it or unconstitutionally conferred on it where severe penalties or irreparable injuries are involved which would make it grossly unfair to require an individual or a corporation and its officers to risk such penalization in order to test the agency's authority or constitutionality of the act, and consequently the legal remedy provided by the normal course of administrative proceeding for ruling on the objection is in fact not adequate: Bell Telephone Company of Pennsylvania v. Driscoll et al., 343 Pa. 109 (1941); Pennsylvania State Chamber of Commerce v. Torquato, Secy. of Labor and Industry, 69 Dauph. 136, affirmed 386 Pa. 306 (1956). No forfeitures or injuries of this character can be shown by these plaintiffs.

The sole case relied upon by plaintiffs as authorizing equitable relief is Pinkerton's Nat'l Detective Agency, Inc. v. Pa. Labor Relations Bd., et al., 80 Dauph. 162 (1963), where this court held that equity has jurisdiction to enjoin invalid administrative action. Admittedly it is troublesome to distinguish the legal logic in Pinkerton from the instant action, but it may be differentiated on factual grounds for therein it was determined that the employer was engaged in interstate commerce and accordingly within the jurisdiction of the National Labor Relations Board and to permit the Pennsylvania Labor Relations Board to conduct its hearings would subject the employer to a multiplicity of suits and entail a fruitless endeavor on the part of the Commonwealth.

Section 9(b) of the Pennsylvania Labor Relations Act, 43 PS §211.9(b), provides that "Any person aggrieved by a final order of the board granting or denying, in whole or in part, the relief sought, or by an order certifying a collective bargaining agent of employes, may obtain a review of such order in the court of common pleas. . . ." in an appropriate county.

In Chapin v. Pennsylvania Labor Relations Board, 356 Pa. 577 (1947), the Supreme Court said, at page 580: "Ordinarily an order directing an election is not final but interlocutory; if, in this review, the order for the election stood alone it would not have been subject to review in the common pleas because section 9 makes no provision for appeals from interlocutory orders." In Pennsylvania Labor Relations Board v. Friedberg, 395 Pa. 294 (1959), the attack on the board's jurisdiction was made in an appeal from a final order of certification after an election.

In the present proceedings, until such time as the union receives certification as the representative of the employes in question for the purpose of collective bargaining, plaintiffs are subject to no obligation.

Under the authorities examined, none of the specific factors alleged by plaintiffs in the complaint suffice to lend credence to the claim of irreparable injury. The charge of deprivation of the constitutional right of due process has already been considered and dismissed by a United States District Court. In regard to multiplicity of suits, it must be borne in mind that involved here are not repetitive attempts to harass. Each suit concerns plaintiffs' employes at a different company, each of which constitutes a separate appropriate unit. As to the expense of the hearing, Justice Brandeis pointed out in the Myers case, supra, 303 U.S. at page 51: "Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact." It should be noted here that the hearings had all been held and all that remained to be done was to conduct elections when this suit was filed.

In view of this adjudication, it is not necessary to make a separate decision on all the requests for findings of fact and conclusions of law relative to the substantive issue of whether mushroom growing is an

agricultural activity within the exemption of the Pennsylvania Labor Relations Act. We do make the following

## CONCLUSIONS OF LAW

1. The provisions of the Pennsylvania Labor Relations Act provide a timely and adequate remedy at law.

2. Plaintiffs are not subject to penalty or irreparable injury.

3. The Pennsylvania Labor Relations Board may exercise administrative discretion provided by the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168.

Accordingly, we enter the following

## DECREE NISI

And now, April 28, 1969, the complaint in equity is dismissed.

The prothonotary is directed to enter this decree nisi and notify the parties to this proceeding or their counsel forthwith. If no exceptions are filed within 20 days from the date of this decree, a final decree will be entered.