El Concilio De Los Trabajadores De La Industria De Los Hongos by Trustee ad Litem Luis Guzman et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued September 10, 1984, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Arthur N. Read,* for petitioners.

*Ellis M. Saull,* Deputy Attorney General, with him, *Cathy Curran Myers,* Assistant Counsel, *Allen C. Warshaw,* Senior Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, November 30, 1984:

Petitioners, El Concilio de los Trabajadores de la Industria de los Hongos (El Concilio) and others,[1] bring this action in our original jurisdiction seeking, *inter alia,* a declaratory judgment and relief in mandamus against the Department of Environmental Resources of the Commonwealth (Respondent).

Presently before us is Petitioners' motion for partial summary judgment. The parties have filed numerous stipulations of fact and the pleadings are closed. At issue is whether Respondent has a statutory duty to inspect for full compliance with regulations found at 25 Pa. Code §§177.1-177.19, relating to

---

[1] Additional petitioners are the Farmworkers Council of Berks County, Luis Guzman, Edilia Guzman, Wilfredo Negron, Jose Cruz, Luis A. Molina and Wilfredo Melendez. These petitioners and El Concilio will collectively be referred to as Petitioners.

farm labor camp housing provided by employers or farm labor contractors in the mushroom industry to four or more unrelated persons. The statutes in question are the Seasonal Farm Labor Act, Act of June 23, 1978, P.L. 537, *as amended,* 43 P.S. §§1301.101-1301.606 (1978 Act) and Sections 9 and 12 of the Act of May 18, 1937, P.L. 654, *as amended,* 43 P.S. §§25-9 and 25-12 (1937 Act).

Additionally, Petitioners seek (1) a declaration that 25 Pa. Code §177.1a is without force and effect because it was improperly enacted and is contrary to the 1978 Act and (2) a declaration that Respondent uses invalid guidelines and practices in regard to inspection of and issuance of permits to housing in the mushroom industry.

Finally, Petitioners seek relief in mandamus directing Respondent to inspect all farm labor camp housing provided by employers or farm labor contractors in the mushroom industry to four or more unrelated persons and all farm labor camp housing provided in the mushroom industry to other seasonal workers, for full compliance with the regulations found at 25 Pa. Code §§177.1-177.19; and to promptly take all other necessary steps to ensure compliance by employers and farm labor contractors with such regulatory requirements.

We will consider the declaratory portions of the action first. We are mindful that summary judgment may be entered only where a case is clear and free from doubt, that the record must be viewed in the light most favorable to the nonmoving party, and that any doubts regarding the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party. *Commonwealth v. Insurance Company of North America,* 62 Pa. Commonwealth Ct. 379, 436 A.2d 1067 (1981).

Section 103 of the 1978 Act, 43 P.S. §1301.103 provides in pertinent part:

"Seasonal farm worker." An individual employed in raising, cultivating, fertilizing, seeding, planting, pruning, harvesting, gathering, washing, sorting, weighing or handling, drying, packing, packaging, grading, storing or delivering to market or to storage or to a carrier for transportation to market in its unmanufactured state, any agricultural commodity as defined in the act of September 20, 1961 (P.L. 1541, No. 657), known as the "Pennsylvania Agricultural Commodities Marketing Act of 1968," or any farm product as defined in 1 Pa. C. S. §1991 (relating to definitions) on a seasonal or other temporary basis; includes every individual irrespective of his primary employment, while he performs agricultural labor on a seasonal or other temporary basis, except any person who commutes daily from his permanent residence to the work site unless transportation is provided such a person by a farm labor contractor; and, *other provisions of this act to the contrary notwithstanding, includes any person residing in living quarters owned, leased or operated by an employer or a farm labor contractor and occupied by four or more unrelated persons.* (Emphasis added.)

The final emphasized clause above is central to our present determination. Petitioners contend that this clause, in which "person" is not modified by "who is employed on a seasonal or temporary basis," shows a legislative intent and the clear meaning that workers in the mushroom industry living in provided housing in groups of four or more unrelated persons shall be considered "seasonal farm workers" for the pur-

poses of inspecting and issuing permits for such housing. In regard to the legislative history the parties agree that an amendment, which would have required that the "persons" in the final clause of Section 103 "worked at least 25 days in farm work and worked less than 150 consecutive days at any one establishment" in the preceding twelve months, was proposed and defeated. We regard this as significant but not dispositive of an intent to provide coverage with this statute for workers in the mushroom industry.

We are aided, of course, by the rules of statutory construction found in the Statutory Construction Act of 1972, 1 Pa. C. S. §1501-1991. The 1978 Act is a remedial statute with the declared intent "to improve the condition of seasonal farm workers . . . by requiring permits for the operation and occupancy of seasonal farm labor camps . . . ." Section 102 of the 1978 Act, 43 P.S. §1301.102. As a remedial statute, the 1978 Act is subject to liberal construction "to effect [its] objects and to promote justice." Section 1928(c) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1928(c).

Additionally, we are of the opinion that the final clause of the definition of "seasonal farm worker" in Section 103 of the 1978 Act is a special provision of the statute which we shall construe in accordance with Section 1933 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1933.[2] We reach this conclusion be-

---

[2] Section 1933 provides

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

cause the definition of "seasonal farm worker" obviously begins with the general and then provides two specific categories of persons who are also included within the definition. Arguably, the first and third clauses of the definition are in conflict because the phrase "on a seasonal or temporary basis" is not repeated in the third clause. We do not believe that we are required to read that phrase into the third clause. Indeed, the drafters of the statute prepared for just such an irreconcilable conflict by prefacing the third clause of the definition with the words "other provisions of this Act to the contrary notwithstanding." Section 103 of the 1978 Act. We find, therefore, that the third clause of the definition is an exception to the general definition of "seasonal farm worker," and that workers in the mushroom industry may be considered seasonal farm workers, notwithstanding the fact that they do not work on a seasonal or temporary basis, if they otherwise meet the criteria set forth in the third clause of the definition.

We have given weight to the fact that the definition of "seasonal farm worker" found in the regulations enacted to implement the 1978 Act states that a seasonal farm worker is "[a]n individual who meets *any* of the following conditions: (i) The individual resides in living quarters owned, leased or operated by an employer or a farm labor contractor and occupied by four or more unrelated persons." 25 Pa. Code §177.1 (emphasis added). This definition is without ambiguity, and is the Respondent's own interpretation of the statute.

We are not persuaded to the contrary by 25 Pa. Code §177.1a which provides "[t]his chapter shall not cover living quarters occupied only by permanent agricultural workers." There is a clear potential for conflict between the definition of "seasonal farm

worker'' found in 25 Pa. Code §177.1 and the scope of the regulations as set forth in 25 Pa. Code §177.1a.

We regard 25 Pa. Code §177.1a as a substantive change to the regulations. Section 301 of the 1978 Act, 43 P.S. §1301.301 provides that the Environmental Quality Board (EQB) shall adopt regulations "to provide safe, healthful and sanitary seasonal farm labor camps . . . ." However, the EQB "shall have *no power to adopt rules or regulations* for seasonal farm labor or seasonal farm labor camps until receipt of written comments on the proposed rules or regulations from the Seasonal Farm Labor Committee . . . ." Section 301(c) of the 1978 Act, 43 P.S. §1301.301(c) (emphasis added). The parties have stipulated that the amendment to the regulations found at 25 Pa. Code §177.1a was not submitted to the Seasonal Farm Labor Committee as required. Although Respondent argues that this submission was not necessary because of the nature of the amendment, we hold that such a substantive amendment should have been before the Seasonal Farm Labor Committee. The regulation was improperly enacted and, therefore, is invalid.

We hold that Respondent had a duty under the 1978 Act to inspect for compliance with the regulations found at 25 Pa. Code §§177.1-177.19, farm labor camp housing provided by employers or farm labor contractors in the mushroom industry to four or more unrelated persons.

Furthermore, the 1937 Act clearly gives Respondent[3] the power and duty to assure that *"all* other

---

[3] The 1937 Act named the Department of Labor and Industry as the enforcement agency. Sections 1-3 of the Act of November 30, 1972, P.L. 1750, 71 P.S. §754-1 (Sections 1-3), transferred the powers and duties conferred by Sections 9 and 12 of the 1937 Act to the Department of Environmental Resources. Section 605 of the 1978 Act, 43 P.S. §1301.605, provides "that nothing in this act shall be con-

labor camps shall be located, constructed, maintained and operated in all respects as to provide for the health, safety, and comfort of all occupants of such camps." Section 9 of the 1937 Act (emphasis added). The parties have stipulated that regulations have been enacted pursuant to the 1937 Act. Respondent, however, does not use these regulations as a basis for inspection of and issuance of permits for housing for workers in the mushroom industry.

In addition to the foregoing regulations, the parties have stipulated that Respondent has also promulgated guidelines to be used by its inspection personnel to determine whether a farm labor camp exists. Under these guidelines, Respondent in practice has limited the farm labor camps required to comply with the 1978 Act to those camps housing four or more unrelated workers employed on a seasonal or temporary basis. Because the present guidelines used by Respondent for inspection of housing provided to seasonal farm workers results in a practice of failing to inspect housing provided by employers or farm labor contractors for four or more unrelated persons working in the mushroom industry, such guidelines and procedures are necessarily contrary to the 1978 Act and invalid.

We will grant, therefore, Petitioners' motion for partial summary judgment insofar as the relief sought is declaratory in nature.

In regard to Petitioners' prayer for relief in mandamus, the motion for partial summary judgment will be denied. Mandamus is an extraordinary writ, and Petitioners have failed to show at this point in the proceedings that they are entitled to such a writ.

strued to repeal or modify the powers and duties of any agency of the Commonwealth pursuant to section 9, act of May 18, 1937 (P.L. 654, No. 174). . . ."

Moreover, the purpose of mandamus is to compel the performance of a single ministerial act; it is not usually the appropriate remedy where the relief sought is a general course of official conduct or a series of actions, as in the instant case. *Dorris v. Lloyd,* 375 Pa. 474, 100 A.2d 924 (1953), *cert. denied,* 347 U.S. 936 (1954); *Allen v. Colautti,* 53 Pa. Commonwealth Ct. 392, 417 A.2d 1303 (1980).

### Order

That part of Petitioners' motion for partial summary judgment seeking a declaratory judgment by this Court is granted and this Court declares as a matter of law that: (1) the Department of Environmental Resources is authorized by and has a duty under the law to inspect farm labor camp housing provided by employers or farm labor contractors in the mushroom industry to four or more unrelated persons, (2) 25 Pa. Code §177.1(a) is without legal force and effect, and (3) present guidelines used by Department of Environmental Resources inspection personnel to determine whether a farm labor camp exists, are invalid.

That part of Petitioners' motion for partial summary judgment in mandamus is hereby denied.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent. The interpretation placed by the majority upon the definition of seasonal farm worker as including any person residing in living quarters operated by a farm labor contractor, regardless of whether he is a *seasonal* farm worker, in my opinion renders the Act to that extent unconstitutional. The title to the Seasonal Farm Labor Act does not express that any farm worker other than a *seasonal* farm worker or any farm labor camp other

than a *seasonal* farm labor camp is a subject of the Act. Article III, Section 3 of the Pennsylvania Constitution requires that bills contain only one subject which shall be clearly expressed in their titles. The purpose of Article III, Section 3 is to "give information to the members of the legislature, or others interested, by the title of the bill, of the contemplated legislation, and thereby prevent the passage of unknown and alien subjects which may be coiled up in the folds of the bill. . . ." *Fedorowicz v. Brobst,* 254 Pa. 338, 341, 98 A. 973, 974 (1916).

The title to the Seasonal Farm Labor Act reads as follows:

An act establishing minimum wages and providing for hours of labor of *seasonal* farm workers and requiring certain records; providing for the inspection of *seasonal* farm labor camps; providing for the promulgation of rules and regulations; establishing rights of access and egress; providing penalties; and repealing certain acts. (Emphasis supplied.)

This clearly proclaims the Act's concern for seasonal farm workers and seasonal farm labor camps, not all farm workers or all farm labor camps. Hence, the inspection of seasonless farm labor camps occupied by year-round farm workers is a subject alien to the Act.

Mushrooms are grown and harvested throughout the year in buildings, mines and other places of constant temperature. There is nothing seasonal about their cultivation or about the work of those who cultivate them. It is true that incidental provisions of a statute need not be enumerated in the title if they are germane to the legislation; but the inspection of seasonless labor camps occupied by year-round mushroom workers is not in my view incidental or germane to an Act billed as providing for the inspection of sea-

230

sonal farm labor camps occupied by seasonal farm workers.

I also believe that the majority has given too little consideration to the fact that DER, the agency charged with enforcing the Act, has interpreted it as not requiring the inspection of seasonless farm labor camps.