**VLASIC FARMS, INC. (formerly known as Campbell's Fresh, Inc.), Petitioner,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1999.

Decided July 27, 1999.

As Corrected Aug. 6, 1999.

Jerome A. Hoffman, Philadelphia, for petitioner.

John B. Neurohr, Harrisburg, for respondent.

Before DOYLE, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Vlasic Farms, Inc., formerly known as Campbell's Fresh, Inc. (Employer), petitions for review of the November 17, 1998 Final Order of the Pennsylvania Labor Relations Board (Board) that dismissed Employer's exceptions to the Hearing Examiner's January 16, 1998 Proposed Decision and Order which had determined, *inter alia:* 1) that mushroom workers do not come within the "agricultural laborer" exclusion in Section 3(d) of the Pennsylvania Labor Relations Act (PLRA); [1] and 2) that Employer committed unfair labor practices in violation of Section 6(1)(a) of the PLRA, 43 P.S. § 211.6(1)(a) (interfering with employees in the exercise of the rights under the PLRA and Section 6(1)(e) of the PLRA, 43 P.S. § 211.6(1)(e) of the PLRA, 43 P.S. § 211.6(1)(e) (refusing to bargain collectively with employees' representatives).

The sole issue Employer presents for our review is whether the Board erred in failing to determine that mushroom workers are "agricultural laborers" within the meaning of Section 3(d) of the PLRA, 43 P.S. § 211.3(d), and, therefore excluded from coverage under the PLRA. We affirm the order of the Board.

## Background

On January 16, 1997, the Comite de Trabajadores de Campbell Fresh a/k/a Workers' Committee of Campbell's Fresh (Union) filed a petition for representation with the Board seeking to represent a unit of all full-time and regular part-time employees involved in maintenance and mushroom production at Employer's mushroom production facilities for purposes of collective bargaining with respect to rates of pay, wages, hours and other conditions of employment. In its petition, the Union included a request that the Board conduct a 20–day election pursuant to Section 7(c) of the PLRA, 43 P.S. § 211.7(c).

Despite Employer's objection to the Board's jurisdiction, on January 30, 1997, the Board issued an order and notice of election which scheduled the election for February 5, 1997. The election was held and the results were 104 votes against representation, 101 votes in favor of representation and 20 votes challenged.

On February 12, 1997, the Union filed a charge of unfair labor practices against Employer alleging that Employer had illegally threatened to close the facility if the Union won and had illegally promised to resolve worker grievances and set up an "in-house workers' committee" if the petition for representation would be withdrawn. Hearings were subsequently held on the jurisdictional issue underlying the Union's petition as well as the charge of unfair labor practices.

On January 16, 1998, the Hearing Examiner issued a Proposed Decision and Order wherein he concluded: 1) that mushroom workers do not come within the "agricultural laborer" exclusion in Section 3(d) of the PLRA and that, therefore, the Board has jurisdiction over Employer's mushroom workers; and 2) that Employer committed unfair labor practices that affected the outcome of the election.

On February 4, 1998, Employer filed timely exceptions to the Proposed Decision and Order alleging that the Hearing Examiner erred in determining that the Board had jurisdiction over mushroom workers and that Employer had engaged in unfair labor practices which required that the election be set aside. On November 17, 1998, the Board issued a Final Order dismissing exceptions and finalizing the Proposed Decision and Order. Employer appeals.

■■■ Our scope of review "on appeals from orders of the Board certifying exclusive bargaining representatives is limited to determining whether the Board's find-

---

1. Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. § 211.3(d).

ings are supported by substantial and legally credible evidence and whether the Board's conclusions are reasonable and not arbitrary, capricious or illegal." *Kaolin Mushroom Farms, Inc. v. Pennsylvania Labor Relations Board,* 702 A.2d 1110, 1115 n. 5 (Pa.Cmwlth.1997), *appeal dismissed as having been improperly granted,* 554 Pa. 171, 720 A.2d 763 (1998). "Additionally, if the Board's findings are supported by substantial evidence, they are conclusive for purposes of appellate review." *Id.*

### Merits of Employer's Appeal

Employer's sole contention before this Court is that the Board erred in determining that mushroom workers are not "agricultural laborers" who are excluded from PLRA coverage under Section 3(d), which defines employees who are covered by the Act as follows:

> The term "employe" shall include any employe, and shall not be limited to the employes of a particular employer, unless the act explicitly states otherwise, and shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute, or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment, *but shall not include any individual employed as an agricultural laborer,* or in the domestic service of any person in the home of such person, or any individual employed by his parent or spouse. (Emphasis added.)

43 P.S. § 211.3(d).

In *Blue Mountain Mushroom Co. v. Pennsylvania Labor Relations Board,* 735 A.2d 742 (Pa.Cmwlth.1999), a companion case to the case *sub judice,* this Court addressed this precise issue and held that the Board did not err in concluding that mushroom production workers such as those at Blue Mountain were not "agricultural laborers" within the meaning of Section 3(d) of the PLRA. In *Blue Moun-*

*tain,* we addressed arguments nearly identical to those raised by Employer in the instant case and concluded: [2]

> In view of the foregoing discussion, we do not believe that the Board erred in determining that it has jurisdiction over mushroom workers on the ground that they are horticultural workers, not agricultural workers. As pointed out by the Board, the NLRB also initially held that mushroom workers were not agricultural laborers for purposes of that exemption. *Great Western Mushroom Co.* [27 N.L.R.B. 352, 7 L.R.R.M. 72 (1940)]. The Board followed the NLRB's initial determination and also found that mushroom workers were not "agricultural laborers" for purposes of Section 3(d) of the PLRA.

Although in 1947, Congress mandated that the NLRB apply the FLSA definition of "agriculture," which included the production of "horticultural commodities," no such state legislation was passed. Indeed, in the Board's 1956 decision in *Grocery Store Products,* the Board determined that it was not similarly constrained by the legislative change to the NLRA and declined to extend the term "agricultural laborer" to mushroom production laborers. Absent a similar mandate by the state legislature, we do not believe that the Board was bound to follow the NLRB. In *American Fed'n of State, County and Mun. Employees v. Pennsylvania Labor Relations Board,* 108 Pa.Cmwlth. 482, 529 A.2d 1188, 1190 (1987), this Court stated that "we know of no authority which would require the Board, deciding questions of state law ... to blindly follow decisions of the NLRB which involve questions purely of federal law."

Moreover, unlike the statutes cited by Employer where the legislature expressly stated that "agricultural production" includes "horticultural production," at no

---

**2.** Employer in the present case filed an *ami-*
*cus curiae* brief in *Blue Mountain.*

time during the 40 years during which the Board has consistently held that mushroom workers are not "agricultural laborers," has such language ever been added to the PLRA. As mentioned by the Board, in 1969 the General Assembly considered House Bill 389, which would have amended Section 3(d) of the PLRA to include mushroom workers in the "agricultural laborer" exclusion. Although the bill passed the House, and was considered on two separate days by the Senate, it was sent back to committee where it died. Clearly, the legislature had the opportunity to include mushroom workers in the "agricultural laborer" exception in Section 3(d) but failed to do so. Consequently, we decline to do judicially what the legislature did not do legislatively. Accordingly, we hold that the Board did not err in concluding that mushroom production workers such as Employer's employees are not "agricultural laborers" within the meaning of Section 3(d) of the PLRA. Therefore, said employees are covered under the PLRA.

*Blue Mountain*, at 750.

Having determined in *Blue Mountain* that the Board did not err in holding that mushroom production workers are not "agricultural laborers" within the meaning of Section 3(d) of the PLRA, we affirm the Board's order in the instant case on the basis of that decision.

Employer, however, contends that it raises issues in the case at bar which were not addressed in *Blue Mountain*. Specifically, Employer contends that in *El Concilio de los Trabajadores v. Department of Environmental Resources*, 86 Pa.Cmwlth. 219, 484 A.2d 817 (1984), this Court determined that mushroom workers may be considered agricultural workers for purposes of the Seasonal Farm Labor Act.[3]

In response, the Board points out that the Seasonal Farm Labor Act's definition of "seasonal farm worker," found in Section 103 of the Act, 43 P.S. § 1301.103, specifically adopts the definition of "agricultural commodity" as defined by Section 2(6) of the Agricultural Commodities Act of 1968 as:[4] "agricultural, horticultural, viticultural ...." As the Board argued to the Court in *Blue Mountain*, unlike the PLRA, these statutes recognize the difference between "agriculture" and "horticulture" by expressly stating for the purposes of that statute that "agriculture" includes "horticulture." *See Blue Mountain*, at 750.

■ Although there are Acts such as the Seasonal Farm Labor Act, the Agricultural Commodities Act of 1968, and the other statutes cited by Blue Mountain in the companion case, where the definition of "agriculture" expressly includes "horticulture," the PLRA does not define "agricultural laborer" in those terms. "[I]t is a canon of statutory construction that a court has no power to insert a word into a statute if the legislature has failed to supply it." *Garcia v. Community Legal Services Corp.*, 362 Pa.Super. 484, 524 A.2d 980 (1987). *See also Latella v. Unemployment Compensation Board of Review*, 74 Pa.Cmwlth. 14, 459 A.2d 464 (1983) (court may not add words or phrases to statute where the legislature failed to do so).

Moreover, as this Court recognized in *Blue Mountain*, in 1969 the General Assembly considered House Bill 389 which would have amended the PLRA's definition of "agricultural laborer" to include mushroom production workers. *See Blue Mountain*, at 748. As we noted in *Blue Mountain*, House Bill 389 was passed by the House and considered on two separate days by the Senate before it was sent back to committee where it died. *Id.*

---

**3.** Act of June 23, 1978, P.L. 537, 43 P.S. §§ 1301.101–1301.606.

**4.** Act of September 20, 1961, P.L. 1541, *as amended*, 3 P.S. § 1002(6).

■ Consequently, we reject Employer's contention in the instant case that the Board assigned far too much weight to legislative inaction as a guide to statutory meaning. House Bill 389 involved more than just the introduction of a bill; it was considered by the members of both houses. As noted in *Blue Mountain*, this Court will not judicially alter the interpretation of a statute where the General Assembly has failed to do so legislatively.

Employer also contends that the Board cannot show reliance on its decisions because to the best of its knowledge, mushroom farming has never been unionized and prior to the case of *Kaolin Mushroom Farms, Inc. v. Pennsylvania Labor Relations Board,* the Board has never certified a labor organization in the mushroom industry. Therefore, Employer argues that the Board's long-standing interpretation of Section 3(d) resides only in its dusty archives and cannot be relied upon.

In response, the Board maintains that it has consistently exercised jurisdiction over mushroom workers' rights to organize under the PLRA. We agree. For example, in *Giorgi v. Pennsylvania Labor Relations Board,* 54 Pa. D. & C.2d 211 (1969), the Dauphin County Court of Common Pleas, in its Commonwealth Docket role as predecessor to the Commonwealth Court, noted that:

The board in its argument here recognizes the difficulties in rejecting mushroom workers as agricultural laborers under the Pennsylvania Labor Relations Act, but it points out that in 1956 in two matters (Grocery Store Products Company, Case No. 22) and Brandywine Mushroom Corporation, Case No. 38), it held that mushroom growing employees were not agricultural laborers under the act. *Even though the legislature has met many times since 1956, it has not seen fit to redefine the board's interpretation.*

54 Pa. D. & C.2d at 214 (emphasis added). Although the Court in *Giorgi* did not reach the issue of whether mushroom growing was an activity within the "agricultural laborer" exclusion, it recognized that the Board had determined that mushroom workers were not "agricultural laborers" for purposes of Section 3(d) and that the legislature has not seen fit to redefine the Board's interpretation. In fact, as noted above, the legislature did attempt such action in 1969 but failed to adopt such an amendment. Hence, the Board asserts that it interpretation of Section 3(d) has been acknowledged by the courts as well as the legislature and that it has consistently exercised jurisdiction over Pennsylvania's mushroom workers.

■ We agree. As this court recognized in *Blue Mountain*, the Board "possesses administrative expertise in the area of public employee labor relations and should be shown deference." *American Fed'n of State, County and Mun. Employees, Council 13, AFL–CIO v. Pennsylvania Labor Relations Board,* 150 Pa. Cmwlth. 642, 616 A.2d 135, 137 (1992). "In light of these principles, we believe that the Board's consistent position, that mushroom workers are not "agricultural laborers" within the meaning of Section 3(d) of the PLRA, is the proper interpretation of that provision." *Blue Mountain,* at 748.[5]

For the foregoing reasons, the order of the Board is affirmed.

5. This Court also rejects Employer's final argument that by exercising jurisdiction over mushroom workers, the Board is self-expanding its jurisdiction and could take over other areas now classified as "agriculture." As noted in *Blue Mountain*, the PLRA was patterned after the NLRA. Until mandated by Congress to do otherwise, the NLRB also initially determined that mushroom workers were not "agricultural laborers" for purposes of exclusion from NLRA coverage. The PLRA, however, has never been similarly subject to a legislative mandate to redefine its interpretation of "agricultural laborer" for purposes of Section 3(d) and has, in fact, consistently refused to do so. *Blue Mountain,* at 747.

## ORDER

AND NOW, this 27th day of July, 1999, the November 17, 1998 order of the Pennsylvania Labor Relations Board is hereby affirmed.