**Stan ALEKSEEV and Homeowner's Association of Philadelphia,**
**Appellants**

v.

**CITY COUNCIL OF the CITY OF PHILADELPHIA and Anna C. Verna, President.**

Commonwealth Court of Pennsylvania.

Argued June 11, 2009.
Decided July 24, 2009.

Darrell M. Zaslow, Langhorne, for appellants.

Kelly Diffily, Philadelphia, for appellee, City Council of the City of Philadelphia.

BEFORE: SIMPSON, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SIMPSON.

In this appeal, Stan Aleskeev and the Homeowner's Association of Philadelphia (HAPCO), seek review of two orders of the Court of Common Pleas of Philadelphia County (trial court) denying HAPCO's motion for summary judgment and granting the City Council of the City of Philadelphia's (Council) cross-motion for summary judgment. HAPCO argues Council's practice of holding special meetings for the solicitation of public comment, while barring such comments during regular Council meetings, violates the Sunshine Act (Act), 65 Pa.C.S. §§ 701–716. Further, HAPCO contends Council's policy of limiting public comment during special meetings to the subject of the specific proposed legislation before the committee violates the Act's requirement that the public have the opportunity to comment on any issue of concern. Upon review, we affirm.

The facts are not in dispute. *See* Reproduced Record (R.R.) at 197a (parties' joint statement of uncontested facts). HAPCO is a non-profit organization that represents property owners and managers of low and moderately-priced rental housing in Philadelphia. HAPCO members attended an April 2007 Council meeting where Council passed a bill requiring any advertisement or correspondence regarding the rental of residential property to include the housing inspection license number for the property (Bill). HAPCO members contend they were denied the opportunity to address Council during this meeting in violation of Section 710.1(a) of the Act, 65 Pa.C.S. § 710.1(a).

However, pursuant to Council's long-standing practice, HAPCO members, and all other members of the public, had the opportunity to comment on the Bill at a March 2007 special meeting convened for the sole purpose of receiving public comment. Though a quorum of Council was not present at the special meeting, Council asserts the special meeting satisfied the Act's Section 710.1(d) exception allowing it to forgo public comment at regular Council meetings.

The parties entered a joint statement of uncontested facts before the trial court and filed cross-motions for summary judgment. The trial court determined Council did not violate the Act because it operated within the special meeting exception. The trial court reasoned that pursuant to their definitions, "meetings" require the presence of a quorum of Council, but a "special meeting" does not. Accordingly, the trial court found no violation of the Act where Council held a special meeting before a committee solely for the purpose of public comment. The trial court granted Council's motion for summary judgment.

Further, the trial court noted that HAPCO members had the opportunity to express their concerns during the special meeting, and Council addressed some of these concerns in an amendment to the Bill prior to its passage.

On appeal,[1] HAPCO first argues the Act requires the presence of a quorum of

---

1. Our review of the grant of a motion for summary judgment is limited to determining whether the trial court committed an error of law or a manifest abuse of discretion. *Jones v. Clearfield Area Sch. Dist.,* 134 Pa.Cmwlth. 288, 578 A.2d 612 (1990). Summary judgment is properly granted only where the pleadings, depositions, answers to interroga-tories and affidavits establish there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa. R.C.P. No. 1035. To the extent this matter presents an issue of statutory construction, our review is plenary. *Day v. Civil Serv. Comm'n of Borough of Carlisle,* 593 Pa. 448, 931 A.2d 646 (2007).

Council to satisfy the special meeting exception. Second, HAPCO asserts Council's policy of limiting public comment during special meetings to the subject of the specific proposed legislation before the committee violates the Act's requirement that the public have the opportunity to comment on any issue of concern.

For the reasons that follow, we conclude Council did not violate the Act. Accordingly, we conclude the trial court properly granted Council's motion for summary judgment.

## I. Special Meetings

■ HAPCO argues the unambiguous language of the Act's definitions of "meeting" and "special meeting" require Council to allow public participation at meetings, because special meetings, before only a committee of Council, do not satisfy the exception to the Act's requirement of public participation at meetings.

HAPCO further argues the trial court erred by not requiring a quorum of Council to be present during special meetings for the purpose of public comment. HAPCO maintains the Act's definition of "meeting" requires a quorum of the relevant legislative body. A "special meeting" is nothing more than a "meeting" scheduled after the establishment of Council's regular meeting schedule. Thus, because a "meeting" requires a quorum of Council, and a "special meeting" is a kind of "meeting," "special meetings" require the presence of a quorum of Council.

HAPCO asserts the Act requires Council to allow public participation before the full legislative body. Thus, Council's practice of limiting public participation to special meetings before committees of Council violates the Act.

HAPCO also advances a policy argument supporting its desired interpretation of the Act. HAPCO argues that allowing committees of less than a quorum of Coun-

cil to be the exclusive venues for public comment falls short of the Act's policy of mandating public participation in Council decision-making. Further, approval of Council's practice would allow legislative bodies governed by the Act to avoid meaningful public comment by creating one-member committees for the sole purpose of handling public participation. HAPCO argues the Act does not intend such a limited right of public participation. We disagree.

A plain reading of the Act compels the conclusion that special meetings do not require the presence of a quorum of Council. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). Although we must "listen attentively to what a statute says[;][we] must also listen attentively to what it does not say." *Kmonk–Sullivan v. State Farm Mut. Auto. Ins. Co.*, 567 Pa. 514, 525, 788 A.2d 955, 962 (2001) (citation omitted). "[I]t is a canon of statutory construction that a court has no power to insert a word into a statute if the legislature has failed to supply it." *Vlasic Farms, Inc. v. Pa. Labor Rels. Bd.*, 734 A.2d 487, 490 (Pa.Cmwlth.1999), *aff'd*, 565 Pa. 555, 777 A.2d 80 (2001); *see also Girgis v. Bd. of Physical Therapy*, 859 A.2d 852 (Pa.Cmwlth.2004) (we may not insert a word the legislature failed to supply into a statute).

Here, the Act provides a clear exception to the general requirement of permitting public comment at Council meetings:

> *Except as provided in subsection (d)*, the ... council of a political subdivision ... shall provide a reasonable opportunity at each advertised regular meeting and advertised special meeting for residents ... to comment on matters of

concern, official action or deliberation which are or may be before the ... council prior to taking official action.

\* \* \* \*

The ... council of a political subdivision ... which had, before January 1, 1993, established a practice or *policy of holding special meetings solely for the purpose of public comment* in advance of advertised regular meetings *shall be exempt* from the provisions of subsection (a).

65 Pa.C.S. § 710.1(a), (d) (emphasis added).

The Act defines "meeting" as, "[a]ny prearranged gathering of an agency which is *attended or participated in by a quorum* of the members of an agency held for the purpose of deliberating agency business or taking official action." 65 Pa.C.S. § 703 (emphasis added). The Act defines "special meeting" as "[a] meeting scheduled by an agency after the agency's regular schedule of meetings has been established." 65 Pa.C.S. § 703.

Unlike the Act's definition of "meeting," the definition of "special meeting" does not require the presence of a quorum of Council. The General Assembly did not include such a requirement, and we decline to

supply one. HAPCO's statutory construction analysis cannot stand when the plain language of the Act is clear.

Similarly, we reject HAPCO's policy argument. HAPCO asserts the trial court's interpretation of the Act would lead legislative bodies to form *ad hoc* one-member committees to limit the public participation required by the Act. The plain language of the Act prevents this outcome. The Act limits the exception's application to the approval of special meeting policies in effect prior to January 1, 1993—a condition Council admittedly meets. *See* R.R. at 197a–98a (Joint Statement of Uncontested Facts, No. 6). This requirement clearly prevents the abuse HAPCO imagines possible by preventing a legislative body from avoiding public participation through newly adopted special meeting policies.[2]

## II. Limitation on Public Comment

██ HAPCO next asserts Council's policy of limiting public comment to the subject of the specific proposed legislation before the committee violates the Act's requirement that the public must have the opportunity to comment on any issue of concern. HAPCO argues the public be

---

2. HAPCO also parses the Act's definition of "agency." According to HAPCO's interpretation of the Act, "agency" refers to both the legislative body and all committees of the body. Thus, for purposes of the Act, Council and a committee of Council are separate agencies.

HAPCO applies its interpretation of "agency" to the Act's public participation requirements. HAPCO argues the public participation requirement only applies to "the board or council of a political subdivision." Thus, it asserts, the participation requirement does not extend to all agencies, but rather to Council itself. Accordingly, HAPCO contends that the Act does not mandate public participation at meetings of committees of Council. HAPCO maintains, however, this renders Council's practice of holding special meetings

before committees of Council, without a quorum of Council present, inadequate to qualify for the Act's exception to the public participation requirement. We disagree.

HAPCO's interpretation disregards the plain language of the Act, defining "agency," in relevant part, as "[t]he body, and *all committees thereof authorized* by the body to take official action or *render advice on matters of agency business,* of ... any board, *council,* authority or commission of ... any ... *municipal ... authority ....* 65 Pa.C.S. § 703 (emphasis added)." HAPCO does not dispute Council is an "agency." Thus, Council committees convened during special meetings to receive public comment on pending bills are "agencies" authorized to render advice on agency business.

permitted to comment on any issue pertaining to their government. We disagree.

This Court previously addressed whether a body governed by the Act may impose subject matter limitations on public comments. In *Baravordeh v. Borough Council of Prospect Park,* 706 A.2d 362 (Pa. Cmwlth.1998), a plaintiff alleged any limitation whatsoever on the public's right to comment amounted to a violation of the Act. We stated:

> The Court deems [the plaintiff's] arguments to be patently untenable. The logical extension of [the Plaintiff's] position is that under Section 10.1(a)[3] a resident has a right at a municipal meeting to relate personal gossip or to read from a telephone book. *Although the Court agrees that the reference in Section 10.1(a) to "matters of concern" that "may" come before an agency is very broad, it is clearly intended to prescribe some limitation.* [The plaintiff's] interpretation would read that language out of the statute altogether. If possible, all provisions of an act are to be given effect, and none are to be rendered mere surplusage. 1 Pa.C.S. § 1921(a); *Concerned Citizens for Better Schools v. Brownsville Area School Dist.,* 660 A.2d 668 (Pa.Cmwlth.1995). In addition, it is to be presumed that the legislature did not intend a result that is absurd or unreasonable.

*Id.* at 367 (emphasis and footnote added). We reach the same conclusion here. Limiting public comment to the subject of the proposed legislation under consideration by the committee is patently reasonable and in no way violates the Act.

In conclusion, Council's long-standing policy of holding special meetings for the sole purpose of public comment satisfies the Act's public participation requirements, special meetings do not require the presence of a quorum of Council, and Council's subject-matter limitation on public comment during special meetings does not violate the Act. Accordingly, we affirm.

### *ORDER*

**AND NOW,** this 24th day of July, 2009, the order of the Court of Common Pleas of Philadelphia County is **AFFIRMED.**

---

**3.** Former Section 10.1(a) of the Sunshine Act now appears at 65 Pa.C.S. § 710.1(a).