Susan E. KEPLER, LPT, Petitioner,

v.

**STATE BOARD OF PHYSICAL THERAPY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1998.

Decided Nov. 10, 1998.

---

Christopher S. Lucas, Harrisburg, for petitioner.

Beth Sender Michlovitz, Harrisburg, for respondent.

Before SMITH and KELLEY, JJ., and McCLOSKEY, Senior Judge.

KELLEY, Judge.

Susan E. Kepler (petitioner) petitions for review of an adjudication and order of the State Board of Physical Therapy (board). Specifically, the board's order suspended petitioner's physical therapy license and imposed a civil penalty against petitioner for violating sections 11(a)(3) and (6) of the Physical Therapy Practice Act [1] (Act). We reverse.

Petitioner, a licensed physical therapist, worked as an independent contractor providing at-home physical therapy services on behalf of the Visiting Nurse Association (VNA) from 1992 until 1996. During the summer of 1996, the VNA wrote several letters of complaint to petitioner regarding her failure to submit physical therapy treatment records to the VNA. Petitioner failed to adequately respond to the VNA's complaints and was eventually terminated on July 24, 1996.

The VNA then filed a letter of complaint with the Bureau of Professional and Occupational Affairs alleging that petitioner's billing paperwork was three months late. An agent for the Law Enforcement Division of the Bureau conducted an investigation of the matter. Based on the investigation, the Bureau's investigating attorney issued an Order to Show Cause pursuant to 1 Pa.Code § 35.14. [2]

Petitioner filed an answer on May 11, 1997 in which she admitted all factual allegations in the Order to Show Cause. The Bureau referred the matter to the State Board of Physical Therapy which deliberated over whether to conduct a formal hearing or to delegate it to a hearing examiner. The board decided to conduct the formal hearing itself and scheduled it for August 14, 1997. Petitioner attended the hearing but was not represented by counsel.

By an adjudication and order issued on February 5, 1998, the board determined that petitioner violated sections 11(a)(3) and (6) of the Act, 63 P.S. §§ 1311(a)(3) and (6), by committing repeated acts of negligence or incompetence in the practice of physical therapy and by engaging in unprofessional conduct. Although petitioner eventually submitted the required physical therapy treatment records to the VNA in October 1996, the board concluded that the VNA was unable to bill insurance companies for services rendered because petitioner submitted the records in an untimely manner. In addition, the board found that petitioner failed to submit physical therapy treatment records in a time-

---

1. Act of October 10, 1975, P.L. 388, *as amended*, 63 P.S. §§ 1311(a)3 and (6).

2. This section of the Pennsylvania Code provides:
 § 35.14. **Orders to show cause.**
 Whenever an agency desires to institute a proceeding against a person under statutory or other authority, the agency may commence the action by an order to show cause setting forth the grounds for the action. The order will contain a statement of the particulars and matters concerning which the agency is inquiring, which shall be deemed to be tentative and for the purpose of framing issues for consideration and decision by the agency in the proceeding, and the order will require that the respondent named respond orally, or in writing (as provided in § 35.37 relating to answers to orders to show cause) or both.

ly manner because she undertook an unmanageable caseload which included patients from agencies other than the VNA.

The board's order suspended petitioner's license for one year, nine months, which would be stayed if petitioner paid a civil penalty in the amount of $2,000 and complied with the conditions of probation. Upon reconsideration, the board reduced the civil penalty to $1,000. Petitioner then filed a petition for review along with an application for stay or supersedeas which this court granted by order dated March 12, 1998.

Petitioner contends, among other things, that the board's conclusion that she violated sections 11(a)(3) and (6) of the Act, is not supported by substantial evidence.[3] After thorough review of the record and the relevant statutes and regulations, we agree.

■ Section 11(a)(3) of the Act[4] states:

(a) The board shall refuse to issue a license to any person and after notice and hearing in accordance with rules and regulations, may suspend or revoke the license of any person who has:

\* \* \*

(3) committed repeated occasions of negligence or incompetence in the practice of physical therapy.

It is critical to note that "physical therapy" is defined in section 2 of the Act, 63 P.S. § 1302, as:

the evaluation and treatment of any person by the utilization of the effective properties of physical measures such as mechanical stimulation, heat, cold, light, air, water, electricity, sound, massage, mobilization and the use of therapeutic exercises and rehabilitative procedures including training in functional activities, with or without as-

sistive devices, for the purpose of limiting or preventing disability and alleviating or correcting any physical or mental conditions, and the performance of tests and measurements as an aid in diagnosis or evaluation of function[.]

Based on the language of section 11(a)(3) of the Act and the statutory definition of physical therapy, it is clear that the General Assembly intended to regulate the actual performance of physical therapy, rather than the administrative practices of physical therapists.[5] Because we determine that the intent of the General Assembly is clear, we, as well as the board, must give effect to its expressed intent. *See Bethenergy Mines, Inc. v. Department of Environmental Protection,* 676 A.2d 711, 715 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 546 Pa. 668, 685 A.2d 547 (1996).

■ Thus, we must review the record to determine whether petitioner engaged in the negligent or incompetent practice of physical therapy. The evidence of record reveals that the VNA had no problems with the quality of care petitioner provided. Transcript of Hearing at 21. Moreover, petitioner testified concerning the quality care she administered and submitted a letter sent to the executive director of the VNA complimenting petitioner on the level of care she provided to a patient. Transcript of Hearing at 44–47. Because the record is bereft of any evidence establishing that petitioner engaged in the negligent or incompetent practice of physical therapy, this violation must be reversed.

The board also determined that petitioner violated section 11(a)(6) of the Act, which permits the board to suspend or revoke the license of a physical therapist who has:

(6) been found guilty of unprofessional conduct. Unprofessional conduct shall in-

---

**3.** Our scope of review in this type of matter is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Morris v. State Board of Psychology,* 697 A.2d 1034 (Pa.Cmwlth.1997).

**4.** We note that section 1311 of the Act is a penal statute and must be strictly construed. *Boyd v.*

*State Board of Osteopathic Examiners,* 12 Pa. Cmwlth. 620, 317 A.2d 307 (1974).

**5.** Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b), provides that when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

clude any departure from or the failure to conform to the minimal standards of acceptable and prevailing physical therapy practice, in which proceeding actual injury to a patient need not be established[.]

Unprofessional conduct is further defined in the rules and regulations of the board. Specifically, 49 Pa.Code § 40.52 provides:

A physical therapist who engages in unprofessional conduct is subject to disciplinary action under section 11(a)(6) of the act (63 P.S. § 1311(a)(6)). Unprofessional conduct includes the following:

(1) Harassing, abusing or intimidating the patient.

(2) Revealing information obtained as a result of the therapist-patient relationship to a third party who is not involved in the patient's care, without the prior written consent of the patient, except as authorized or required by statute.

(3) Failing to exercise appropriate supervision over a person who is authorized to render services only under the supervision of the physical therapist.

(4) Accepting a patient for treatment or continuing treatment if benefit cannot reasonably be expected to accrue to the patient, or misleading a patient as to the benefits to be derived from physical therapy.

(5) Unconditionally guaranteeing the results of physical therapy treatment.

(6) Practicing physical therapy while the ability to practice is impaired by alcohol, drugs or a physical or mental disability.

(7) Charging a patient or a third-party payor for a physical therapy service which is not performed.

(8) Receiving a fee for referring a patient to a third person.

(9) Advertising physical therapy services in a false, misleading or deceptive manner.

(10) Assigning or delegating to physical therapist assistants or supportive personnel activities prohibited from as-signment or delegation under §§ 40.32, 40.53 and 40.171 (relating to functions of supportive personnel; nondelegable activities; accountability; and functions of physical therapist assistants.)

(11) Violating a provision of the act or this chapter which establishes a standard of conduct.

The unambiguous language of section 11(a)(6) of the Act reveals that the General Assembly intended for the board to discipline conduct committed by physical therapists which departs from the minimally accepted standards prevailing in the physical therapy profession to the extent that it relates to the level of care provided to a patient. Again, there is nothing in the language of the statute that could reasonably be interpreted to mean that the General Assembly intended for the board to regulate the administrative practices of physical therapists.

 Although the regulations set forth in the Pennsylvania Code expand the definition of unprofessional conduct beyond the auspices of the relationship between the patient and physical therapist, they do not directly address billing practices of physical therapists. Rather, the regulations focus on the practice of physical therapy, prohibition of third-party referrals, and fraudulent conduct by physical therapists which involves the public or third-party payers. None of the regulations could be reasonably interpreted as allowing the board to penalize petitioner solely for untimely submission of treatment records.

Thus, we conclude that the board abused its discretion when it suspended petitioner's license and imposed a civil penalty for submitting her treatment records in an untimely manner. Based on the language presently incorporated in the Act, it is clear that the General Assembly is primarily concerned with regulating the quality of care provided by licensed physical therapists, not their billing practices. Since the board's prosecutor failed to present any evidence addressed by the cited statutes or regulations, we reverse the board's order.[6]

---

**6.** Because we reverse the board's order, we do not need to address the other issues presented by petitioner.

## ORDER

AND NOW, this 10th day of November, 1998, the order of the State Board of Physical Therapy, dated February 5, 1998, at No. 0179–65–1997, is reversed.