Wageed Abdel Malek GIRGIS, P.T.
License No. PT–004028–E,
Petitioner,

v.

BOARD OF PHYSICAL THERAPY,
Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 2004.
Decided Oct. 4, 2004.

Edgar R. Casper, Harrisburg, for petitioner.

Beth Sender Michlovitz, Harrisburg, for respondent.

BEFORE: PELLEGRINI, J., and SIMPSON, J., and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Wageed Abdel Malek Girgis petitions for review of an order of the Bureau of Professional and Occupational Affairs, State Board of Physical Therapy (Board) revoking his license to practice physical therapy in the Commonwealth. The

Board revoked Girgis' license on the basis of discipline imposed on him in other jurisdictions. We affirm.

Girgis held a license to practice physical therapy in the Commonwealth of Pennsylvania. Board Findings of Fact (F.F.) No. 1. That license was active through December 31, 2004, and could be renewed thereafter upon filing appropriate documentation and paying certain fees. F.F. No. 2. At all relevant times, Girgis also held licenses in Michigan, South Carolina, New Hampshire, Montana, Indiana, Hawaii, and Florida. F.F. No. 6.

Between April 1997 and June 1999, the following disciplinary actions were taken against Girgis: 1) the New Jersey Board of Physical Therapy denied Girgis a license to practice physical therapy, F.F. No. 5; 2) the Michigan Board of Physical Therapy imposed a $1000 fine on Girgis, F.F. No. 7; 3) the South Carolina Board of Physical Therapy suspended Girgis' license indefinitely, F.F. No. 8; 4) the New Hampshire Governing Board of Physical Therapy suspended Girgis' license for five months, F.F. No. 9; 5) the Montana Board of Physical Therapy Examiners revoked Girgis' license, F.F. No. 10; 6) the Medical Licensing Board of Indiana put Girgis' license on indefinite probation for no less than two years, and later indefinitely suspended it for no less than six months and imposed a $500 fine because Girgis failed to comply with the terms of his probation, F.F. Nos. 11–12; 7) the Hawaii Board of

Physical Therapy suspended Girgis' license for five months, F.F. No. 13; and 8) the Florida Department of Health accepted Girgis' voluntary relinquishment of his Florida license, F.F. No. 14.

In January 2003, the Board filed an order to show cause alleging Girgis was subject to discipline in Pennsylvania under Section 11(a)(8) of the Physical Therapy Practice Act (Act),[1] 63 P.S. § 1311(a)(8),[2] based on the disciplinary actions taken against him in New Jersey, Michigan, South Carolina, New Hampshire, Montana, Indiana, Hawaii, and Florida.

A hearing was held, and the hearing examiner issued a proposed adjudication and order, to which Girgis filed exceptions. F.F. Nos. 15–17. The Board then issued its final order, concluding Girgis was subject to discipline under Section 11(a)(8) due to the discipline imposed on him in eight other jurisdictions. Bd. Conclusions of Law No. 3. The Board revoked Girgis' license.

■ Girgis now appeals to this Court,[3] arguing: 1) the Board is not authorized to discipline him where there was no finding that he was incompetent, negligent, or abusive; and 2) the Board is not authorized to discipline him where there was no finding that his conduct in those other jurisdictions harmed patients or placed patients at risk. Girgis does not dispute the findings of fact made by the Board.

1. Act of October 10, 1975, P.L. 383, *as amended*, 63 P.S. §§ 1301–1313.

2. Section 11(a)(8) states,
   The board shall refuse to issue a license to any person and after notice and hearing in accordance with rules and regulations, may suspend or revoke the license of any person who has: ... (8) had his license to practice physical therapy revoked or suspended or having other disciplinary action taken, or his application for a license refused, re-

voked or suspended by the proper licensing authority of another state, territory or country....
63 P.S. § 1311(a)(8).

3. Our review is limited to determining whether constitutional rights were violated, an error of law was committed, or findings of fact are supported by substantial evidence. *Kepler v. State Bd. of Physical Therapy*, 720 A.2d 496 (Pa.Cmwlth.1998).

Girgis first argues the Board could not discipline him without finding he was incompetent, negligent, or abusive. He asserts the Board was required to perform a "risk assessment" to determine if his behavior demonstrated a risk to Pennsylvania patients. He asserts the Board then was required to apply "risk management" to determine what discipline would eliminate or reduce that risk. Girgis cites no law supporting this argument. The Board counters Section 11(a)(8) contains no such requirement but rather permits discipline based on the mere fact of Girgis' discipline in other states.

By its plain language, Section 11(a)(8) does not require a finding of incompetence, negligence, or abuse. That Section permits discipline to be imposed upon a finding that the licensee's license to practice physical therapy in other states was suspended, revoked, or otherwise disciplined.

When the words of a statute are clear and free from ambiguity, we may not disregard the letter of the statute under the pretext of pursuing its spirit. 1 Pa. C.S. § 1921. Further, although we must "listen attentively to what a statute says[;] [o]ne must also listen attentively to what it does not say." *Kmonk–Sullivan v. State Farm Mut. Auto. Ins. Co.*, 567 Pa. 514, 525, 788 A.2d 955, 962 (2001). We may not insert a word the legislature failed to supply into a statute. *Key Sav. & Loan Ass'n v. Louis John, Inc.*, 379 Pa.Super. 226, 549 A.2d 988, 991 (1988).

Thus, we may not insert into Section 11(a)(8) a requirement that the Board perform some sort of "risk assessment", nor that the Board find the licensee incompetent, negligent, or abusive. Girgis was disciplined in eight other states. Those disciplines included suspension and revocation of his license to practice physical therapy, and having his application for such a license denied. Any one of those instances would have been sufficient, under Section 11(a)(8), for Girgis' Pennsylvania license to be revoked.

Although there are no cases interpreting Section 11(a)(8), this conclusion is consistent with cases interpreting other license discipline schemes. In *Tandon v. State Bd. of Med.*, 705 A.2d 1338 (Pa.Cmwlth. 1997), this Court was asked to determine whether a medical doctor was properly disciplined under Section 41(4) of the Medical Practice Act of 1985.[4] The language of that Section is identical in all relevant aspects to Section 11(a)(8) of the Act at issue here.[5] We concluded,

> [I]n the instant proceeding under section 41(4) of the Act, the board was permitted to act solely on *the fact that Doctor had been disciplined by a board in another jurisdiction* .... Thus, the only evidence which was required to support the board's actions in this case was evidence that Doctor was disciplined by the board in Tennessee.

*Tandon*, 705 A.2d at 1345 (emphasis added). Accordingly, the only inquiry the Board was required to make here was whether Girgis was disciplined in another jurisdiction, which fact Girgis does not dispute.

---

**4.** Act of December 20, 1985, P.L. 457, *as amended*, §§ 422.1–422.45.

**5.** Section 41(4) states discipline can be imposed on a medical doctor for,

Having a license or other authorization to practice the profession revoked or suspended or having other disciplinary action taken, or an application for a license or other authorization refused, revoked or suspended by a proper licensing authority of another state, territory, possession or country, or a branch of the Federal government.

63 P.S. § 422.41(4).

In *Johnston v. State Bd. of Med. Educ. and Licensure*, 49 Pa.Cmwlth. 9, 410 A.2d 103 (1980), interpreting a materially identical statute, we again stressed, "Since the Pennsylvania Board is acting on the *fact* of disciplinary action in another state rather than the underlying events leading to that action, the substance of the charges and the procedure utilized in their resolution must, for purposes of Section 15(a)(4), be considered immaterial." *Id.* at 106.

Similarly, here, whether Girgis was incompetent, negligent, or abusive, or a risk to patients in Pennsylvania, is wholly irrelevant. The sole inquiry is whether his license to practice physical therapy was suspended, revoked, or otherwise disciplined in another jurisdiction. Since he does not dispute he was disciplined in eight states, the Board did not err in disciplining him here in Pennsylvania.

■ Girgis' second argument is that the Board was required to determine whether he harmed patients or placed patients at risk in any of the other states that disciplined him. Girgis argues his mere technical violations of other states' licensing systems do not implicate the quality of patient care and, thus, do not form a basis for discipline in Pennsylvania. The Board

counters there is no such requirement in Section 11(a)(8).

As this Court found in *Johnston*, quoted above, any inquiry into the underlying reasons for the discipline in another jurisdiction is irrelevant. It is the *fact* of the discipline, not its underlying causes, that is relevant. Further, we may not insert a requirement not expressed by the General Assembly that the discipline in another jurisdiction be based on a deficit in the level or quality of patient care. For all the reasons discussed above, Girgis' second argument also fails.[6]

For the foregoing reasons, we affirm.

### ORDER

AND NOW, this 4th day of October, 2004, the order of the Board of Physical Therapy in the above-captioned case is affirmed.

---

**6.** Girgis' reliance on *Kepler v. State Bd. of Physical Therapy*, 720 A.2d 496 (Pa.Cmwlth. 1998), is misplaced. There, the Board disciplined Kepler under Sections 11(a)(3) and (6). This Court concluded the Board was required to find Kepler engaged in negligent or incompetent practice of physical therapy before it could discipline Kepler under Section 11(a)(3). However, that result was dictated by the language of that Section, which states discipline may be imposed where the licensee, "committed repeated occasions of negligence or incompetence in the practice of physical therapy." 66 P.S. § 1311(a)(3). We also found the Board erred in finding Kepler engaged in unprofessional conduct under Section 11(a)(6), because her actions did not meet the definition of unprofessional conduct in the Board's regulations.

Here, the language of Section 11(a)(8) does not include terms limiting its application to cases where, as Girgis suggests, the discipline imposed by other jurisdictions was based on "the actual performance of physical therapy—deficits in the level or quality of care." Girgis' Brief at 16. Rather, as discussed above, the plain language of Section 11(a)(8) permits the Board to impose discipline whenever a licensee's physical therapy license in another state is disciplined, without reference to the underlying reasons for the *discipline*. Because it interprets different subsections of Section 11, *Kepler* does not control.