**Jack SOBERICK, Appellant**

v.

**SALISBURY TOWNSHIP CIVIL SERVICE COMMISSION and Budd A. Frankenfield, III.**

Commonwealth Court of Pennsylvania.

Argued April 7, 2005.

Decided May 9, 2005.

Michael S. Greek, Lansford, for appellant.

Jeffrey R. Dimmich, Orefield, for appellee, Salisbury Township Civil Service Commission.

BEFORE: COHN JUBELIRER, J., and SIMPSON, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

We are asked whether a military reservist who completes his training and approximately one year of active duty service is a "soldier" under the statute commonly

known as the Veterans' Preference Act[1] (Act). The Court of Common Pleas of Lehigh County (trial court) awarded the reservist veterans' preference, which entitled him to appointment to an open township patrol officer position. Agreeing an award of veterans' preference is appropriate, we affirm.

Salisbury Township fills open patrol officer positions pursuant to the First Class Township Code (Code).[2] Section 638 of the Code states, in relevant part:

> Every position or employment in the police force ... shall be filled only in the following manner: the township commissioners shall notify the commission of any vacancy which is to be filled and shall request the certification of a list of eligibles. The commission shall certify for each existing vacancy from the eligible list the names of three persons thereon who have received the highest average. The township commissioners shall, thereupon, with sole reference to the merits and fitness of the candidates, make an appointment from the three names certified. . . .

53 P.S. § 55638.

In May 2003, the Salisbury Township Civil Service Commission (Commission) held a civil service examination for an open patrol officer position in the township's police department. Nine individuals passed the written and oral examinations for the patrol officer eligibility list, which list the Commission certified. The Salisbury Township Board of Commissioners requested the top three names from the eligibility list be considered for the vacancy. *See* 53 P.S. § 55638. Jack Soberick (Candidate) held the top position on the list.

Prior to certification of the eligibility list, Budd A. Frankenfield, III (Appointee) requested the Commission grant him veterans' preference. Under Pennsylvania law, an entry-level employee entitled to veterans' preference receives two benefits. First, an additional 10 points are added to the applicant's score in the composition of the eligibility list. *See* 51 Pa.C.S. § 7103(a). Second, the municipality must hire a "soldier" if his name appears on the list of names furnished to the appointing authority by the Commission even if he does not have the highest standing on the eligibility list. *See* 51 Pa.C.S. § 7104(b).

The Commission granted Appointee's request for veterans' status, and it deemed him a soldier under the Act. As a result, it added 10 points to his examination score, placing him in the number two position on the eligibility list. Because Appointee was the only candidate with veterans' status on the eligibility list, he was hired for the position. The Commission notified the parties of its decision, and Candidate appealed the veterans' preference award.

At a hearing before the Commission, the following facts were adduced. In May 2000, Appointee enlisted in the Marine Corps for a six-year active reserve commitment with two years' inactive reserve. After his enlistment, he was sent to Parris Island, South Carolina for 13 weeks of basic training. Appointee was subsequently ordered to report to Camp Lejeune, North Carolina for three months of training. He was later reassigned to ECHO Company 225, a reserve component of the Marine Corps in Harrisburg.

Appointee remained with the reserve component of ECHO Company until December 2001. At that time, in response to the terrorist attacks of September 11,

---

**1.** Chapter 71 of the Military Code, 51 Pa.C.S. §§ 7101–7109.

**2.** Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §§ 55101–58502.

2001, Appointee received orders to report to active duty at Camp Lejeune. His call-up was by Presidential Order for one-year active duty in support of Operation Enduring Freedom. On active duty in Camp Lejeune, Appointee performed guard duty, sentry duty and other assignments. During his active duty, Appointee was sent overseas to Portugal for bilateral training with Portuguese Marines. Throughout that time, he was also on notice he could be called to Cherry Point, North Carolina and flown wherever Marines were needed.

Appointee served 11 months and three days active duty, received an honorable discharge from this service and was reassigned to ECHO Company in the reserves. He received a DD–214 document indicating his discharge from active duty under honorable conditions was "not a final discharge" and his reserve obligation does not terminate until 2008. Reproduced Record (R.R.) at 81a.

Based on these facts, the Commission, in a 2–1 decision, determined Appointee was a "soldier" entitled to preference under the Act. Candidate appealed to the trial court.

Before the trial court, Candidate asserted Appointee did not qualify as a "soldier" under the Act because he did not yet receive an honorable discharge following completion of his entire service obligation. The trial court rejected this argument because the plain language of the Act does not require an honorable discharge following completion of one's entire service obligation. In addition, the trial court rejected Candidate's reliance on *Sicuro v. City of Pittsburgh*, 684 A.2d 232 (Pa.Cmwlth. 1996) (applicants who complete only reserve training are not entitled to veterans' preference). As a result, the trial court

upheld the award of veterans' preference. This appeal followed.[3]

Relying on *Sicuro*, Candidate again argues Appointee is not a "soldier" under the Act because he did not receive an honorable discharge following completion of his entire military service obligation. He asserts, although Appointee completed over 11 months' active duty service, his discharge from such service was not a final discharge because his reserve obligation continues through 2008.

■ The Act defines the term "soldier" as:

[A] person who served or hereafter serves in the armed forces of the United States ... during any war or armed conflict in which the United States engaged and who was released from active duty under honorable conditions, other than from periods of active duty for training, or with an honorable discharge from such service, or a person who so served or hereafter serves in the armed forces of the United States ... and who has an honorable discharge from such service....

51 Pa.C.S. § 7101. We first consider whether Appointee falls within this statutory definition.

The object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly and, if possible, give effect to all of a statute's provisions. 1 Pa.C.S. § 1921(a). When the words of a statute are clear and free from all ambiguity, its letter is not to be disregarded under the pretext of pursuing its spirit. 1 Pa. C.S. § 1921(b).

■ Although we must "listen attentively to what a statute says[;][o]ne must also listen attentively to what it does not

---

3. Our review, where the trial court takes no additional evidence, is limited to determining whether the commission abused its discretion

or committed an error of law. *Brooks v. Civil Serv. Comm'n of Shaler Township*, 755 A.2d 115 (Pa.Cmwlth.2000).

say." *Kmonk–Sullivan v. State Farm Mut. Auto. Ins. Co.*, 567 Pa. 514, 525, 788 A.2d 955, 962 (2001) (citation omitted). "[I]t is a canon of statutory construction that a court has no power to insert a word into a statute if the legislature has failed to supply it." *Vlasic Farms, Inc. v. Pennsylvania Labor Rels. Bd.*, 734 A.2d 487, 491 (Pa.Cmwlth.1999), *aff'd*, 565 Pa. 555, 777 A.2d 80 (2001). *See also Girgis v. Bd. of Physical Therapy*, 859 A.2d 852 (Pa. Cmwlth.2004) (we may not insert a word the legislature failed to supply into a statute).

Section 7102(a) provides the preference credits in civil service examinations are to be awarded to a soldier "for the discipline and experience represented by his military training and for the loyalty and public spirit demonstrated by his service for the preservation of his country." 51 Pa.C.S. § 7102(a). This is a clear statement of legislative intent. *Herskovitz v. State Civil Serv. Comm'n*, 111 Pa.Cmwlth. 427, 534 A.2d 160 (1987).

The plain language of the "soldier" definition requires an individual serve in the armed forces and receive an honorable discharge from such service. 51 Pa.C.S. § 7101. Here, it is beyond dispute Appointee satisfied these requirements. Specifically, Appointee completed approximately one year of active duty service during Operation Enduring Freedom, and he received an honorable discharge from this service. R.R. at 81a. We may not insert an unexpressed requirement that an individual complete his entire service obligation before qualifying as a soldier under the Act, *Girgis*, and we reject Candidate's assertion to the contrary.

*Sicuro*, relied upon by Candidate, does not compel a different result. There, the City of Pittsburgh awarded veterans' preference points to several applicants seeking firefighter positions because they completed a reserve duty training program and received an honorable discharge from that program. The applicants joined the armed forces *after* taking their civil service examinations. None. of the applicants received an honorable discharge prior to receiving their examination scores. We held the award of preference to individuals who only completed their reserve *training* violated the Act, particularly in light of the fact the applicants joined the armed forces only *after* taking their examinations. Explaining the distinction between service and training with regard to entitlement to veterans' preference, we stated:

> Appellants have only completed their reserve *training*. Completion of their *training* does not equate to completion of their *service* for purposes of obtaining preference points. Appellees correctly argue that an honorable discharge from active duty reserve training has no reasonable relation to the basis of veterans' preference, and is not representative of the true value of such service.

*Id.* at 236 (emphasis in original).

Here, unlike in *Sicuro*, Appointee completed almost one year of active service before receiving his honorable discharge. Moreover, unlike the applicants in *Sicuro*, Appointee completed his training and active duty service *before* taking the civil service examination. In sum, the current situation is materially different from the bootstrap scheme disapproved in *Sicuro*.

Despite acknowledging these significant factual distinctions, Candidate asserts *Sicuro* stands for the proposition that one must complete his initial service commitment to be eligible for veterans' preference. Although *Sicuro* contains such a statement, this statement was unnecessary to resolve the issue presented, i.e., whether applicants who enlisted after taking civil service examinations were entitled to veterans' preference after only completing training. As such, this statement is dictum. *See City of L. Burrell v. City of L.*

*Burrell Wage & Policy Comm.*, 795 A.2d 432, 437 n. 7 (Pa.Cmwlth.2002) ("judicial dictum" is "[a]n opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision. Dicta has no precedential value ...") (citations omitted). In short, Candidate attempts to construe our holding in *Sicuro* too broadly, and we reject his reliance on that case.

Upholding the award of veterans' preference here fulfills the Act's purpose. There is some reward to a veteran. *Sicuro.* The preference, however, is not only a reward to an individual. It is also a formal recognition of the value of intangible qualities developed during significant military service. By the preference our General Assembly attracts the valuable qualities of discipline, experience, loyalty and public spirit to civil public service. Thus, awarding the preference to Appointee, or to someone with similar service background, benefits the public.

Accordingly, we affirm the balanced decision rendered by the Honorable Thomas A. Wallitsch.[4]

### ORDER

AND NOW, this 9th day of May, 2005, the order of the Court of Common Pleas of Lehigh County is **AFFIRMED.**

---

4. Candidate also asserts the Commission erred in relying on the federal veterans' preference statute *in reaching its decision. See* 5 U.S.C. § 2108. Although the Commission referenced the federal statute in its decision, it specifically stated this provision was not controlling. *See* Comm'n Op. at 5. As such, this argument fails.

   In addition, Candidate contends the Commission erred in allowing its solicitor to explain that, although the state civil service commission currently requires an applicant complete his initial service obligation before receiving veterans' preference, *it is* considering changing its position on this issue. We discern no error from the Commission's decision to allow its solicitor to fully explain the state commission's position on this issue. Moreover, the fact the state commission opts for a contrary interpretation does not bind this Court.